**Helen M. VANDEWALKER, Plaintiff,**

v.

**QUANDT'S FOOD SERVICE DISTRIBUTORS, INC., Defendant.**

**No. 94–CV–1556 (RSP/GJD).**

United States District Court, N.D. New York.

July 26, 1996.

Foody & Peebles, Central Square, New York (Lisa A. Peebles, of counsel), Hancock & Estabrook, L.L.P., Syracuse, New York (David E. Peebles, of counsel), for plaintiff.

Ruberti, Girvin & Ferlazzo, P.C., Albany, New York (James E. Girvin, Gregg T. Johnson, of counsel), for defendant.

## MEMORANDUM-DECISION AND ORDER

POOLER, District Judge.

On December 2, 1994, plaintiff Helen M. Vandewalker filed a complaint against Quandt's Food Service Distributors, Inc. ("Quandt's") alleging (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); (2) unlawful retaliation for filing a Workers' Compensation Claim pursuant to Section 120 of the New York State Workers' Compensation Law; (3) intentional infliction of emotional distress; and (4) an unspecified claim under New York Human Rights Law.[1] Vandewalker filed an amended complaint on April 5, 1996. Presently before me is defendant's motion for summary judgment and plaintiff's cross-motion for partial summary judgment.

---

[1] Plaintiff listed a New York Human Rights Law claim in the introductory paragraph of her complaint but did not discuss the claim in the body of the complaint. On March 11, 1996, Magistrate Judge Gustave J. Di Bianco granted plaintiff leave to amend her complaint in order to more fully set forth this claim. *See* Order, Dkt. No. 17. Defendant appealed the magistrate judge's order, and I have considered the motion on submission. The motion is denied for the reason on which I rely on pages 8 and 9 of this decision.

Because I find that genuine issues of fact exist, I deny both motions.

## BACKGROUND

Quandt's sells and delivers wholesale food products. In June 1993, defendant hired plaintiff as a driver/warehouse person. Am. Compl. ¶ 9. During plaintiff's interview in March 1993, defendant's employee, Larry Bascom, allegedly made inappropriate gender-related comments to Vandewalker. *Id.* ¶¶ 11–12. On April 12, 1994, Vandewalker injured her shoulder on the job and missed 15 weeks of work. *Id.* ¶¶ 23–24. When she returned to work on July 27, 1994, defendant terminated her employment. *Id.* ¶ 26. Vandewalker alleges that defendant terminated her because of her gender and that during her employment defendant subjected her to a pattern of discriminatory behavior. *Id.* ¶ 30. Quandt's did not refill plaintiff's position, and existing employees performed plaintiff's work. Def.Mem., Dkt. 30, at 5.

## DISCUSSION

### I. *Legal Standard*

■ Summary judgment shall enter if, when viewing the evidence in the light most favorable to the nonmovant, the court determines that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment must demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If the movant satisfies this initial burden, then the "burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists." *Weg v. Macchiarola,* 995 F.2d 15, 18 (2d Cir.1993). The nonmovant must do more than show "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). In short, the nonmovant must demonstrate to the court that issues of fact exist that must be decided by a factfinder because "they may reasonably be decided in favor of either party." *Thompson v. Gji-*

*voje,* 896 F.2d 716, 720 (2d Cir.1990). "The fact that both sides move for summary judgment does not guarantee that there is no material issue of fact to be tried." *Eastman Mach. Co., Inc. v. United States,* 841 F.2d 469, 473 (2d Cir.1988) (citation omitted).

### II. *Defendant's Motion for Summary Judgment.*

■ Defendant argues that plaintiff has not, and cannot establish that gender was a factor in its decision to terminate her. Def. Mem. at 7. In this Title VII discrimination case, plaintiff's initial burden is to prove by a preponderance that (1) she belongs to a protected class; (2) she was qualified for the position for which she applied; (3) despite her qualifications, she was subjected to an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination, or direct evidence demonstrates that defendant discriminated against her. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993); *see also Cook v. Arrowsmith Shelburne, Inc.,* 69 F.3d 1235, 1239 (2d Cir.1995).

■ As to the element regarding an inference of discrimination, "plaintiff is required to produce direct or circumstantial evidence that would lead a reasonable fact-finder to conclude either that defendant consciously refused to consider retaining . . . the plaintiff because of her sex, or that defendant regarded sex as a negative factor in such consideration." *Bartz v. Agway, Inc.,* 844 F.Supp. 106, 111 (N.D.N.Y.1994) (citations and internal quotations omitted). For the purposes of this motion, defendant concedes the first, second, and third elements of plaintiff's prima facie case. Def.Mem. at 9. As to the fourth element, defendant argues that plaintiff cannot demonstrate that she was the target of unlawful discrimination. *Id.*

■ Plaintiff argues that defendant directly discriminated against her and relies on three conversations between herself and her supervisor, Bascom. Pl.Mem., Dkt. No. 36, at 10–11. Specifically, plaintiff contends that Bascom stated that (1) "you know it's a man's

world," (2) "I have a job that needs a woman's touch," and (3) "you look pretty nice in that [delivery] uniform." Vandewalker Aff., ¶¶ 7, 11. Plaintiff argues in the alternative that circumstantial evidence demonstrates defendant's unlawful discrimination because existing male drivers assumed her job responsibilities, and defendant terminated her rather than providing her a transfer even though she received favorable performance evaluations. Pl.Mem. at 14–15. Because plaintiff's "burden of proof at the *prima facie* stage of a Title VII case is *de minimis*," I find that plaintiff has offered sufficient direct and circumstantial evidence to sustain her burden. *See Bartz*, 844 F.Supp. at 112.

▪ After plaintiff establishes her prima facie case, the burden shifts to defendant to produce evidence of a "legitimate, nondiscriminatory reason" for plaintiff's termination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981); *see also Hicks*, 509 U.S. at 506, 113 S.Ct. at 2747. Defendant "need not persuade the court that it was actually motivated by the proffered reasons." *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094. Rather, "[t]he explanation provided must be legally sufficient to justify a judgment for the defendant. If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted." *Id.* at 255, 101 S.Ct. at 1095. Quandt's argues that it terminated plaintiff because (1) the company wished to "curb costs;" (2) plaintiff had received unfavorable work evaluations during the last six months of active employment; and (3) in plaintiff's absence existing personnel performed her work adequately. Def. Mem. at 12.

▪ Based on the record, I find that defendant offered a legitimate, nondiscriminatory reason for plaintiff's termination. *See Burdine*, 450 U.S. at 254–55, 101 S.Ct. at 1094–95. Therefore, the burden shifts back to plaintiff, who must establish by a preponderance of evidence that the challenged employment decision was the result of intentional discrimination. *Hicks*, 509 U.S. at 511, 113 S.Ct. at 2749. Plaintiff "at all times bears the ultimate burden of persuasion" on

this issue. *Id.* (citation and quotation omitted).

▪ To prove defendant's discriminatory motive, plaintiff may rely on her prima facie case or may produce additional evidence of pretext and/or discriminatory intent. *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 38 (2d Cir.1994). Because discriminatory intent is notoriously difficult to prove, plaintiff may rely on circumstantial evidence. *Id.* at 37. In the summary judgment context, "unless the employer has come forward with evidence of a dispositive nondiscriminatory reason as to which there is no genuine issue and which no rational trier of fact could reject, the conflict between the plaintiff's evidence establishing a prima facie case and the employer's evidence of a nondiscriminatory reason reflects a question of fact to be resolved by the factfinder after trial." *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 203 (2d Cir.1995) (citing *Chambers*, 43 F.3d at 38). Moreover, the court must be cautious in granting summary judgment to an employer when intent is at issue. *Gallo v. Prudential Residential Serv.*, 22 F.3d 1219, 1224 (2d Cir.1994). At this stage, I grant summary judgment "only if the evidence of discriminatory intent is so slight that no rational jury could find in plaintiff's favor." *Viola v. Philips Medical Sys.*, 42 F.3d 712, 716 (2d Cir. 1994). However, if plaintiff has failed to offer proof that could persuade a rational finder of fact that the employer's justification was false and its true motive discriminatory, I should grant summary judgment even though the same proof adequately establishes a prima facie case. *Id.* at 717.

Plaintiff argues that a combination of direct and circumstantial evidence supports her claim because defendant: (1) required her to demonstrate her driving abilities on both a tractor trailer and a forklift, while male applicants were not required to do so; (2) hired her as a warehouse worker and driver, although she was qualified to work as a driver, because the job required a "women's touch;" (3) denied her access to a hand truck and uniform even though male employees had these items; (4) did not ask her to attend driver meetings or forklift training sessions, although male employees were able

to participate; (5) criticized her for questioning supervisors in front of other employees even though male workers could question supervisors; (6) did not terminate male workers with worse driving records or less seniority; (7) issued a positive job evaluation and merit pay raise prior to her injury; (8) had only male individuals contribute to the decision to discharge her; and (9) subjected her to inappropriate comments concerning her appearance and gender. Pl.Mem. at 22–31. Defendant argues that this proof is insufficient. Moreover, defendant contends that because Bascom both hired plaintiff and terminated her within a relatively short period of time, an inference exists that his motive was not discriminatory. Def.Mem. at 16–22.

 Quandt's arguments are unpersuasive. On this motion for summary judgment, I am not to resolve issues of fact. Instead I must determine whether the factual circumstances allow a "rational finder of fact to infer a discriminatory motive." *Chambers*, 43 F.3d at 38. Plaintiff's factual allegations could raise a rational inference of discrimination and thus are sufficient to defeat defendant's motion for summary judgment.

### III. *Plaintiff's Cross–Motion For Partial Summary Judgment*

Plaintiff cross-moved for partial summary judgment on the issue of liability, arguing that "no reasonable finder of fact could conclude that it was anything other than discrimination on the basis of gender that led Quandt's to fire the plaintiff." Pl.Mem. at 19. I disagree. A reasonable jury could determine that defendant terminated plaintiff because its business had slowed, Quandt's no longer needed her services, plaintiff was not a good performer, or a combination of these three reasons. Plaintiff's motion for summary judgment therefore is denied.

### IV. *Pendent State Claims*

In her original complaint, plaintiff alleged pendent state law claims for unlawful retaliation for filing a Workers' Compensation Claim and intentional infliction of emotional distress. As reflected by the omission from her amended complaint, plaintiff voluntarily withdrew these claims. Defendant's objections are moot.

### V. *Defendant's Appeal From the Magistrate's Order*

Also before me is defendant's appeal from Magistrate Judge Di Bianco's March 11, 1996, Order granting Vandewalker leave to amend her complaint and add a pendent state law claim pursuant to New York's Human Rights Law, N.Y.Exec.Law § 290 (McKinney 1985). Defendant argues that amending the complaint is futile and will cause undue delay and prejudice.[2]

 Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings once as a matter of course prior to service of a responsive pleading or within twenty days of serving its pleading if no responsive pleading is required. Fed.R.Civ.P. 15(a). Otherwise, a party only may amend its pleadings with written consent of the adverse party or by leave of court, which "shall be freely given when justice so requires." *Id.* Whether to permit an amendment is committed to the discretion of the court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). However, denying leave to amend is an abuse of discretion if the denial is without a justifying reason. *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir.1983) (quotation and citation omitted). In deciding whether to permit an amendment, the court may consider factors such as undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, undue prejudice to the opposing party, failure to cure deficiencies by previous amendments, and futility. *Id.*

Vandewalker included the pendent Human Rights Law claim in the introductory paragraph of her original complaint but failed to mention the claim again in the body of the pleading. In his order finding that the omis-

---

**2.** Defendant also argues that the magistrate judge's decision is in direct contravention of the uniform pre-trial scheduling order and that the magistrate erred in analyzing plaintiff's request under Federal Rules of Civil Procedure 15(a). I find these arguments without merit.

48

sion was inadvertent, Magistrate Judge Di Bianco held that,

> plaintiff is not guilty of undue delay or bad faith in making this request to amend the complaint. Nor does the court find that permission to amend would unduly prejudice the defendant. It appears that the only possible prejudice to the defendant would be a larger damages award if the plaintiff obtains a verdict awarding damages which exceed Title VII's statutory cap for combined compensatory and punitive damages.

Order, Dkt. No. 17, at 3.

■ A district court can reverse or modify a magistrate judge's order on a non-dispositive matter only if it is "clearly erroneous or contrary to the law." 28 U.S.C. § 636(b)(1)(A) (1988). *See also* Fed.R.Civ.P. 72(a); L.R. 72.1(b). Orders granting leave to amend are non-dispositive, as they do not remove claims or defenses of a party. *See* Fed.R.Civ.P. 72. Therefore, I review Magistrate Judge Di Bianco's order under the clearly erroneous or contrary to law standard. *See, e.g., Aries Ventures Ltd. v. Axa Fin. S.A.*, 696 F.Supp. 965, 966 (S.D.N.Y. 1988). The Supreme Court has recognized that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

■ The claim that plaintiff wishes to either clarify or add in her amended complaint is New York's equivalent to a Title VII claim for discrimination. Defendant agrees with this view, stating that "[p]laintiff's pendent state law claim [is] entirely duplicative of her Title VII claim." Def. Mem., Dkt. No. 24, at 7. Therefore, the additional claim is neither burdensome nor prejudicial to Quandt's. Defendant showed no bad faith on the part of Vandewalker, who sought to correct her oversight as soon as she became aware of the problem. *See* Dkt. No. 16. Because the magistrate judge's order is not clearly erroneous, defendant's motion to reconsider is denied.

## CONCLUSION

For the forgoing reasons, it is

**ORDERED,** that defendant's motion for summary judgment is **DENIED,** and it is further

**ORDERED,** that plaintiff's cross-motion for summary judgment is **DENIED,** and it is further

**ORDERED,** that plaintiff's claims based on unlawful retaliation for filing a Workers' Compensation Claim and intentional infliction of emotional distress are **DISMISSED,** and it is further

**ORDERED,** that defendant's appeal from Magistrate Judge Di Bianco's March 11, 1996, Order permitting plaintiff to amend her complaint is **DENIED.**

**IT IS SO ORDERED.**