Michele L. STETZ; Crystal Weinheimer; Sonya L. Carmon; and Jessie Doughty, Plaintiffs,

v.

REEHER ENTERPRISES, INC.; Aaron Clause; John Reeher; and Reeher Majik, Inc., Defendants.

No. 99–CV–223.

United States District Court, N.D. New York.

Aug. 18, 1999.

LaFave & Associates, Delmar, NY, for plaintiffs, Patrick J. Higgins, of counsel.

Jackson Lewis, Schnitzler & Krupman, White Plains, NY, for defendants, Joseph Saccomano, Jr., of counsel.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Defendants Reeher Enterprises, Inc., Aaron Clause, John Reeher and Reeher Majik, Inc. (collectively "defendants") appeal from the Memorandum Decision & Order of Magistrate Judge Ralph W. Smith, Jr., dated June 29, 1999 granting plaintiffs' motion to file and serve a Second Amended Complaint. *See Stetz v. Reeher Enterprises, Inc.,* 99–CV–223, at 4 (N.D.N.Y. January 22, 1999) (hereinafter "Order"). Specifically, the Magistrate Judge granted plaintiffs' request to raise claims against an additional party, Reeher Majik, Inc., based on an "identity of interests" between Reeher Enterprises, Inc., John Reeher and Reeher Majik, Inc. *See* Order, at 3. The Magistrate Judge also held that the issuance of plaintiffs' right-to-sue letters prior to the expiration of 180 days from the filing of their administrative complaints did not "deprive[ ] [the Court] of jurisdiction." *See id.* at 4.

## I. Background and Procedural History

Plaintiffs Michele Stetz, Crystal Weinheimer, Sonya Carmon and Jessie Doughty commenced the instant action against the above-named defendants alleging, *inter alia,* sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.,* and N.Y.Exec.Law § 296 (Human Rights Law).

Plaintiffs Stetz, Weinheimer and Carmon filed their administrative complaints on November 2, 1998, and received their right-to-sue letters on November 24, 1998. *See* Second Amended Compl. at ¶¶ 29–30; Affidavit of Joseph A. Saccomano, Jr., Ex. A (hereinafter "Saccomano Aff.") (attaching copies of right-to-sue letters). Plaintiff Doughty filed her administrative complaint on November 18, 1998, and received her right-to-sue letter on December 2, 1998. *See* Second Amended Compl. at ¶¶ 31–32; Saccomano Aff. at Ex. A. Plaintiffs were granted leave to amend their Complaint,

pleading "additional facts, additional claims and claims against an additional party, Reeher Majik, Inc., an entity which defendants claim was the actual employer of the plaintiffs." Order, at 1–2.

On appeal, defendants advance two arguments in opposition to plaintiffs' motion to file a Second Amended Complaint. First, defendants argue that this court does not have subject matter jurisdiction because plaintiffs failed to include Reeher Majik, Inc. as a party in the administrative complaints filed by plaintiffs, as required under 42 U.S.C. § 2000e–5(e). Second, defendants argue that the plaintiffs should not have been granted leave to file an Amended Complaint—and the present action should be dismissed as untimely—because plaintiffs received their right-to-sue letters prior to the expiration of the 180–day investigatory and conciliation period set forth in 42 U.S.C. § 2000e–5(f)(1).

## II. Standard of Review

"Orders granting leave to amend are nondispositive, as they do not remove claims or defenses of a party." *Vandewalker v. Quandt's Food Serv. Distribs., Inc.,* 934 F.Supp. 42, 48 (N.D.N.Y.1996) (Pooler, J.) (citing Fed.R.Civ.P. 72); *see also Aries Ventures Ltd. v. Axa Fin. S.A.,* 696 F.Supp. 965, 966 (S.D.N.Y.1988). Fed. R.Civ.P. 72(a) states that within ten (10) days of being served with a magistrate judge's order on a nondispositive issue, a party may file objections to the order. The district judge to whom the case is assigned "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *See* Fed.R.Civ.P. 72(a). Accordingly, the Court will treat the Order as nondispositive and apply the "clearly erroneous" standard of review to the Magistrate Judge's grant of leave to amend the Complaint. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed." *Vandewalker*, 934 F.Supp. at 48 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

### III. Futility Doctrine

■ "Rule 15(a) declares that leave to amend [a complaint] 'shall be freely given when justice so requires'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (quoting Fᴇᴅ.R.Cɪᴠ.P. 15(a)). Thus, leave to amend should be freely given in the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, or futility of amendment. *See id.; see also Hunt v. Alliance N. Am. Gov't Income Trust, Inc.*, 159 F.3d 723, 728 (2d Cir.1998); *Mackensworth v. S.S. Am. Merchant*, 28 F.3d 246, 251 (2d Cir. 1994) (same); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend."); *In re Horizon Cruises Litig.*, 1999 WL 436560, at *1 (S.D.N.Y. June 24, 1999) ("If amending the complaint would be futile because, for example, the amendment would not survive a motion to dismiss, then leave to amend should be denied.") (citing *Azurite Corp. v. Amster & Co.*, 52 F.3d 15, 19 (2d Cir.1995)); *Jones v. New York State Div. of Military and Naval Affairs*, 1997 WL 266765, at *6 (N.D.N.Y. May 7, 1997) ("If the amended complaint is subject to dismissal, the amendment is considered futile and will not be permitted.") (citing *Mackensworth*, 28 F.3d at 251), *aff'd*, 166 F.3d 45 (2d Cir.1999).

■ "'In assessing whether proposed claims are futile ... the court is required to adopt the same analysis as that applied on a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal

Rules of Civil Procedure.'" *Olumuyiwa v. Harvard Protection Corp.*, 1999 WL 529553, at *5 (E.D.N.Y. July 21, 1999) (quoting *Brown v. R.D.F. Transp. Corp.*, 1998 WL 713807, at *6 (E.D.N.Y. Oct.7, 1998)). Accordingly, the Court treats the facts alleged by plaintiffs as true and views them in the light most favorable to them. *See id.* (citing *Adar Import & Distrib. Corp. v. Thomson Consumer Elecs., Inc.*, 1998 WL 760264, at *2 (E.D.N.Y. Sept.11, 1998)).

### IV. Issuance of Early Right–To–Sue Letter

■ Defendants object to the Magistrate Judge's order granting plaintiffs' motion to amend the complaint on the grounds that the EEOC's early issuance of plaintiffs' right-to-sue letters was in violation of 42 U.S.C. § 2000e–5(f). This section states, in pertinent part:

> If a charge filed with the Commission pursuant to subsection (b) ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action under this section, ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved....

*See* 42 U.S.C. § 2000e–5(f)(1) (1994).

Defendants rely on a recent decision by the United States Court of Appeals for the D.C. Circuit, *Martini v. Federal Nat'l Mortgage Ass'n*, 178 F.3d 1336 (D.C.Cir. 1999), to support their argument that section 2000e–5(f) requires a plaintiff to wait 180 days after filing a charge with the EEOC before a right-to-sue letter may issue.[1]

While noting a split among the circuit and district courts on this issue, the *Martini* Court held that "Title VII complainants

---

1. The 180–day waiting period provided in section 2000e–5(f)(1) is not a jurisdictional prerequisite to bringing suit in federal court. *See*

*Martini*, 178 F.3d at 1348; *Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1061 (11th Cir. 1994).

must wait 180 days after filing changes with the EEOC before they may sue in federal court." *Martini*, 178 F.3d at 1347. Specifically, the *Martini* court read the 180–day requirement in section 2000e–(f)(1) in conjunction with the requirement in section 2000e–5(b) that the Commission conduct an investigation, and concluded that issuance of a right-to-sue letter prior to 180 days would render the mandatory investigatory period in section 2000e–5(b) ineffective. *See id.* at 1346–48. In holding that early right-to-sue letters are not permitted under the statutory framework set forth in Title VII, the *Martini* Court also found that 29 C.F.R. § 1601.28(a)(2)—the regulation permitting early issuance of a right-to-sue letter when the EEOC determines it will be unable to complete its administrative processing of the charge—violates section 2000e–5(b). *See id.* at 1346. Specifically, the Court concluded that:

> [T]he EEOC's power to authorize private suits within 180 days undermines its express statutory duty to investigate every charge filed, as well as Congress's unambiguous policy of encouraging informal resolution of charges up to the 180th day.

*Id.* at 1347.

Other courts have also construed the 180–day period as mandatory. *See Montoya v. Valencia County*, 872 F.Supp. 904, 906 (D.N.M.1994) ("The EEOC's regulation permitting the EEOC to issue right to sue notices prior to passage of 180 days without dismissal of the charge is patently inconsistent with section 2000e–5(f)(1). This section authorizes early right to sue letters only after the EEOC dismisses the charge. It makes no allowance for excusing compliance on grounds of administrative infeasibility."); *Henschke v. New York Hosp.–Cornell Med. Ctr.*, 821 F.Supp. 166, 171 (S.D.N.Y.1993) (noting the "Congressional mandate that Title VII claims can only be filed after a dismissal of the charges by the EEOC or the lapsing of 180 days without action by the EEOC."); *State*

*of New York v. Holiday Inns, Inc.*, 656 F.Supp. 675, 680 (W.D.N.Y.1984); *True v. New York State Dept. of Correctional Servs.*, 613 F.Supp. 27, 29 (W.D.N.Y.1984); *Spencer v. Banco Real, S.A.*, 87 F.R.D. 739, 745 (S.D.N.Y.1980); *see also Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 361, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977) ("[A] natural reading of [2000e–5(f)(1) ] can lead only to the conclusion that it simply provides that a complainant whose charge is not dismissed or promptly settled or litigated by the EEOC may himself bring a lawsuit, *but that he must wait 180 days before doing so.*") (emphasis added). The *Martini* Court noted, however, that such a reading was inconsistent with other circuits which upheld the issuance of early right-to-sue letters. *See id.* at 1347–48 (citing *Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1061–62 (11th Cir.1994) (interpreting section 2000e–5(f)(1) and 29 C.F.R. § 1601.28(a)(2) as permitting a complainant to sue in federal court where right-to-sue letter was received prior to the expiration of the 180–day period); *Brown v. Puget Sound Elec. Apprenticeship & Training Trust*, 732 F.2d 726, 729 (9th Cir.1984) (same), *cert. denied*, 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 778 (1985)).

In arguing that the issuance of right-to-sue notices prior to the expiration of the 180–day period is permissible, plaintiffs draw support from the Order, which cites to *Sims* and *Brown*, and relies on *Figueira v. Black Entertainment Television*, 944 F.Supp. 299, 303–05 (S.D.N.Y.1996). These decisions rely, in part, on an EEOC regulation which "authorizes the EEOC to issue a right-to-sue notice before 180 days elapse." *Brown*, 732 F.2d at 729. Specifically, 29 C.F.R. § 1601.28(a)(2) states, in relevant part:

> When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued ... the Commission may issue such notice ... at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided, that the

[EEOC] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge....

Notably, the *Sims* and *Brown* decisions were considered by the *Martini* court when it interpreted 42 U.S.C. § 2000e–5(f)(1) in light of other provisions in Title VII. In particular, the *Martini* court found that, while the statute's legislative history failed to indicate whether Congress intended to permit private suits within 180 days of plaintiff's filing with the EEOC—and indeed the language of the section 2000e–5(f) and its legislative history does not prohibit the Commission from issuing a right-to-sue letter before the 180 days have expired—an examination of " 'the language and design of the statute as a whole' " compelled a different result. *Martini*, 178 F.3d at 1345 (quoting *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988)). In viewing the statute as a whole, the *Martini* court examined section 2000e–5(b), which states, in relevant part, that:

> Whenever a charge is filed ... alleging that an employer ... has engaged in an unlawful employment practice, the Commission ... *shall make an investigation thereof ... The Commission shall make its determination* on reasonable cause as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge....

*See* 42 U.S.C. § 2000e–5(b) (1994) (emphasis added).

While section 2000e–5(b) provides the EEOC up to 120 days to make a determination on reasonable cause, "the Commission's duty to investigate is both mandatory and unqualified." *Martini*, 178 F.3d at 1346. Recognizing that the issuance of an early right-to-sue notice typically terminates the EEOC's investigation of a plaintiff's charge, see 29 C.F.R. § 1601.28(a)(3), the *Martini* court noted that one "cannot square this early termination of the process or the regulation authorizing it, with section 2000e–5(b)'s express direction to the Commission that it investigate all charges." *Martini*, 178 F.3d at 1346 (citation omitted).

■ This Court is persuaded by the reasoning set forth in *Martini* and finds that the issuance of a right-to-sue letter by the EEOC prior to investigating a plaintiff's claims is inconsistent with the clear statutory mandate set forth in section 2000e–5(b). Indeed, the issuance of a right-to-sue letter before the EEOC is permitted to investigate a plaintiff's allegation and attempt conciliation would result in an emasculation of the clear statutory language of Title VII and the Congressional policy underlying Title VII, which is aimed at having the EEOC, rather than the courts, resolving disputes involving unlawful employment practices. *See EEOC v. Shell Oil Co.*, 466 U.S. 54, 77, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1984) ("Congress did not abandon its wish that violations of [Title VII] could be remedied without resort to the courts, as is evidenced by ... the requirement that the Commission, before filing suit, attempt to resolve disputes through conciliation."); *Martini*, 178 F.3d at 1346–47 ("Congress well understood that the EEOC's limited resources preclude it from investigating every charge within 180 days ... but nevertheless 'hoped that recourse to the private lawsuit will be the exception and not the rule.... [T]he early right-to-sue regulation makes it less likely that 'the vast majority of complaints will be handled through the offices of the EEOC.' ") (quoting 118 CONG.REC. 7168); *EEOC v. Hearst Corp.*, 103 F.3d 462, 468–69 (5th Cir.1997) ("[The investigation and conciliation] stages are important to [Title VII's] enforcement scheme because of the different roles that the EEOC plays in the management of discrimination charges: administrator, investigator, mediator, and finally, enforcer.... Only if those efforts are unsuccessful should a

case enter the formal enforcement stage."); *Moteles v. University of Pennsylvania,* 730 F.2d 913, 917 (3d Cir.) ("[P]remature resort to the district court should be discouraged as contrary to congressional intent. The preference for conciliation as the dispute resolution method in employment discrimination proceedings should not be undermined by a party's deliberate by-pass of administrative remedies."), *cert. denied,* 469 U.S. 855, 105 S.Ct. 179, 83 L.Ed.2d 114 (1984); *EEOC v. Liberty Trucking Co.,* 695 F.2d 1038, 1042 (7th Cir.1982) ("Resolution of complaints of employment discrimination through conciliation agreements and avoiding resort to litigation has consistently been the primary means through which the EEOC vindicates rights secured by Title VII."). To this end, Congress empowered the EEOC, the agency charged with considerable expertise and experience in dealing with matters involving workplace discrimination, broad administrative enforcement powers. *See Chandler v. Roudebush,* 425 U.S. 840, 851, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976) ("[T]he EEOC [is] 'better equipped to handle the complicated issues involved in employment discrimination cases' and 'better suited to rapid resolution of such complex issues than are Courts.'") (quoting report from the House Committee on Education and Labor); *Butler v. West,* 164 F.3d 634, 642 (D.C.Cir.1999) ("We agree with our sister courts that ... 'EEO counselors and the EEOC ... all have a measure of expertise and familiarity with employment discrimination disputes that federal judges cannot readily match.'") (quotation omitted) (citing *Muller Optical Co. v. EEOC,* 743 F.2d 380, 395 (6th Cir. 1984)) ("[T]he EEOC has developed considerable expertise in the field of employment discrimination since Congress created it by the Civil Rights Act of 1964.")); *Hopkins v. Price Waterhouse,* 920 F.2d 967, 979 (D.C.Cir.1990) ("In explaining Congress' decision to grant the EEOC administrative enforcement powers, the Senate Committee on Labor and Public Welfare observed that ... '[t]he [EEOC] would be expected to develop an important reservoir of expertise in [matters involving complex labor relations and employment discrimination], expertise which would not readily be available to a widespread court system.'") (quoting S.REP. No. 415, 92d Cong., 1st Sess. 18–19 (1971))).

The importance of this policy is highlighted by plaintiff Doughty's request for a right-to sue letter *before* filing her administrative complaint and plaintiffs receiving their right-to sue letters only three weeks after filing their administrative complaints. In such a case, no meaningful investigation of plaintiffs' claims was conducted, and no serious attempt to resolve the dispute was undertaken prior to initiating an action in federal court. Thus, issuance of right-to sue letters under these circumstances enables parties to circumvent the administrative scheme established by Congress.

In finding that an early right-to sue letter was permissible, the Magistrate Judge relied on *Figueira,* 944 F.Supp. at 299, a case which relied on the holdings in .*Sims* and *Weise v. Syracuse Univ.,* 522 F.2d 397 (2d Cir.1975). The Court declines to follow the holding in *Sims,* and finds the facts and circumstances in *Weise* to be distinguishable from the instant case.

In *Weise,* the Second Circuit held that an early right-to-sue letter "was not contrary to the procedural requirements of [Title VII]" in a case where the EEOC investigated a party's prior allegation of discrimination involving the same defendant. *See Weise,* 522 F.2d at 412. Significantly, in *Weise,* the EEOC had complied with the statutory requirement that an investigation be conducted, and did not require an *additional* investigation for related incidents of employment discrimination raised in the plaintiff's second administrative complaint. *See id.* Recognizing that a *second* 180–day period "would not

have advanced the conciliation purposes of [Title VII]," the Second Circuit noted:

> While it is true that, absent the dismissal of a charge by the EEOC, *the [Right–to–Sue] Notice should not issue until the charge has been before the Commission for at least 180 days,* in this case there was a prior charge against the same employer that had been pending for more than the required time, and it was clear that no conciliation was likely. There was thus little reason to think that the second charge alleging a continuing course of discrimination would have ended in conciliation. To require the EEOC to hold the second charge for 180 days would not have advanced the conciliation purposes of the Act and would only have served to delay the proceedings, contrary to the Act's policy of handling claims expeditiously. *In the circumstances of this case,* therefore, we decline to hold that the issuance of the [Right–to–Sue] Notice three days after the filing of the charge was contrary to the procedural requirements of the Act.

*Id.* (emphasis added).

Thus, in *Weise,* the EEOC complied with the statutory requirement in section 2000e–5(b) that an investigation be performed. It was only in the specific situation where a party filed a second administrative complaint after the EEOC conducted an investigation into a party's first administrative complaint that the Second Circuit held that a second investigation was not required. *See id.* at 412. Accordingly, the holding in *Weise* "was not based on the theory that the EEOC is empowered to issue right-to-sue notices before 180 days." *Spencer,* 87 F.R.D. at 745; *see also Holiday Inns, Inc.,* 656 F.Supp. at 680.

Here, however, the record fails to demonstrate that *any* meaningful investigation or conciliation occurred with respect to the allegations made by any of the plaintiffs; rather, the EEOC dismissed the matter on the basis of administrative convenience only weeks after plaintiffs filed their administrative complaints. *See* Second Amended Compl. at Exs. A, B. Thus, the requirement to conduct an investigation under section 2000e–5(b) was not satisfied. Accordingly, the Court finds the facts and circumstances in *Weise* distinguishable from the instant case.

Significantly, the record fails to reflect any investigation undertaken by the EEOC in the 14 and 22 days between the time plaintiffs filed discrimination charges and the time the EEOC issued the right-to-sue notices. Furthermore, the fact that plaintiffs' counsel sent a letter dated November 11, 1998 requesting a right-to-sue notice for plaintiff Doughty even though she had not yet filed an administrative complaint with the EEOC until November 18, 1998 is further indication that no investigation or attempt at conciliation was effectuated. "Because the power to authorize early private suits inevitably and impermissibly allows the EEOC to relax its aggregate effort to comply with its statutory duty to investigate every charge filed," see *Martini,* 178 F.3d at 1347, an interpretation allowing such early private suits is plainly inconsistent with the express language in Title VII, and works to undermine the purpose and effectiveness of the statute.

Accordingly, the Court finds that, absent dismissal, the 180–day requirement in section 2000e–5(f)(1), read in conjunction with section 2000e–5(b)'s mandate that an investigation be conducted, clearly prohibits the issuance of a right-to-sue letter prior to the expiration of 180 days following the filing of the administrative complaint. Because the Court finds that under these circumstances amending the complaint to add Reeher Majik, Inc. would be futile in light of plaintiffs' untimely action, plaintiffs should not have been granted leave to file a Second Amended Complaint.

## V. Conclusion

For all of the foregoing reasons, the Court vacates the order of the Magistrate

Judge granting plaintiffs leave to file and serve a Second Amended Complaint.

**IT IS SO ORDERED.**