Michele L. STETZ;  Crystal Weinheimer;  Sonya L. Carmon;  and Jessie Doughty, Plaintiffs,

v.

REEHER ENTERPRISES, INC.;  Aaron Clause;  John Reeher;  and Reeher Majik, Inc., Defendants.

No. 99–CV–223.

United States District Court, N.D. New York.

Oct. 7, 1999.

LaFave & Associates, Delmar, NY (Patrick J. Higgins, of counsel), for Plaintiffs.

Jackson Lewis, Schnitzler & Krupman, White Plains, NY (Joseph Saccomano, Jr., Joseph M. Martin, of counsel), for Defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Plaintiffs Michele Stetz, Crystal Weinheimer, Sonya Carmon and Jessie Doughty commenced the instant action against the above-named defendants alleging, *inter alia,* sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.,* and N.Y. Exec. Law § 296 (Human Rights Law). Plaintiffs also allege state law claims for assault and battery and the intentional infliction of emotional distress.

### I.  Background

In a Memorandum–Decision & Order dated June 29, 1999, the Magistrate Judge granted plaintiffs leave to file a Second Amended Complaint, pleading "additional facts, additional claims and claims against an additional party, Reeher Majik, Inc., an entity which defendants claim was the actual employer of the plaintiffs." *See Stetz v. Reeher Enters., Inc.,* 99–CV–223, at 1–2. Following defendants' appeal, this Court vacated the Order of the Magistrate Judge

granting plaintiffs leave to file and serve the Second Amended Complaint. Specifically, the Court held that amending the Complaint to add Reeher Majik, Inc. as a party to the action would be futile because plaintiffs received their right-to-sue letters and initiated the present action prior to the expiration of the 180–day period following the filing of their charges with the EEOC. *See Stetz v. Reeher Enterprises, Inc.,* 70 F.Supp.2d 119, 123–25 (N.D.N.Y. 1999).

Having vacated plaintiffs' Second Amended Complaint, the parties stipulated that the original Complaint filed on February 17, 1999 is the sole operative pleading before the Court setting forth plaintiffs' claims.[1] *See* Pls. and Defs. Stipulation dated September 10, 1999 (Docket No. 69). Significantly, that Complaint only names Reeher Enterprises, Inc., Aaron Clause, and John Reeher as defendants in this action.

Presently before the Court is a motion by defendants Reeher Enterprises, Inc., Aaron Clause, and John Reeher (collectively "defendants") to dismiss plaintiffs' claims pursuant to FED. R. CIV. P. 12(b) for failure to comply the statutory prerequisites set forth in 42 U.S.C. § 2000e–5(b), 5(f)(1). Specifically, defendants argue that the present action should be dismissed as untimely because plaintiffs received their right-to-sue letters prior to the expiration of the 180–day investigatory and conciliation period set forth in 42 U.S.C. § 2000e–5(f)(1). *See* Def. Mem. of Law at 3–5.

Because the parties submitted their papers in connection with defendants' motion

to dismiss the Second Amended Complaint prior to this Court's decision vacating that Complaint, the Court granted the parties an opportunity to submit additional briefing with respect to any matters they believed were relevant with respect to a motion to dismiss the original Complaint. The parties' additional submissions were considered by the Court in connection with defendants' present motion.

## II. Discussion

As a threshold matter, the Court notes that the grounds for vacating the Second Amended Complaint—plaintiff's commencement of an action prior to the expiration of the 180–day period in section 2000e–5(f)(1)—equally compels dismissal of the original Complaint with respect to all defendants. *See Stetz,* 70 F.Supp.2d at 121–25.[2] Specifically, the underlying facts and procedural background concerning the timeliness of the present action, i.e., the EEOC's early issuance of a right-to-sue letter based on administrative convenience, did not change between the filing of the original Complaint on February 17, 1999 and the filing of the Second Amended Complaint on July 7, 1999, and is the sole determinative factor in dismissing the present action. Thus, although defendants' Notice of Motion refers to the Second Amended Complaint which the Court vacated *after* defendants filed the present motion, the central issue before the Court—whether early right-to-sue letters are permitted under sections 2000e–5(b), 5(f)(1)—has been fully briefed by the parties and the arguments raised by the parties apply equally to the original (February 17, 1999) and First Amended Complaints.[3]

---

1. Defendants John Reeher, Reeher Enterprises, Inc., and Aaron Clause served their Answers on May 28, 1999. *See* Answer of John Reeher and Reeher Enterprises, Inc.; Answer of Aaron Clause (Docket Nos. 7, 8). On June 1, 1999, *after* defendants had served their responsive pleadings, Plaintiffs filed an Amended Complaint. *See* Amended Compl. (Docket No. 6). Accordingly, the Amended Complaint is untimely and, therefore, a nullity. *See* FED. R. CIV. P. 15(a) (West 1999) ("A party may amend the party's pleading once as

a matter of course at any time before a responsive pleading is served . . . .") (emphasis added); *see also Le Grand v. Evan,* 702 F.2d 415, 417 (2d Cir.1983); *Schacht v. Javits,* 53 F.R.D. 321, 325 (S.D.N.Y.1971).

2. As previously noted, the parties stipulated that the February 17, 1999 Complaint is the only Complaint before the Court. *See* Docket No. 69.

■ In opposition to defendants' motion to dismiss the Complaint, plaintiffs principally argue that: (1) defendants waived any defense with respect to plaintiffs' compliance with the statutory prerequisites under 42 U.S.C. § 2000e *et seq.* by not including it in their Answers; and (2) existing precedent permits the EEOC to issue a right-to-sue letter before the expiration of the 180–day period following the filing of an administrative charge. *See* Pls. Supplemental Letter Brief dated September 9, 1999, at 1–5 (Docket Nos. 63, 65). In response, defendants argue that: (1) the responsive pleadings properly aver an affirmative defense with respect to plaintiffs' non-compliance with the statutory prerequisites for filing a claim under 42 U.S.C. § 2000e *et seq.;* and (2) plaintiffs' early withdrawal of the charges filed with the EEOC violated the express provisions of Title VII. *See* Defs. Supplemental Letter Brief dated September 14, 1999, at 1–4 (Docket No. 68).

In the present case, two Answers are before the Court—one submitted by defendants John Reeher and Reeher Enterprises, Inc., *see* Docket No. 7, and another submitted by defendant Aaron Clause, *see* Docket No. 8. In both Answers, defendants raised an affirmative defense seeking to dismiss the present action because "[p]laintiffs have failed to satisfy the procedural prerequisites for filing such claims." *See* Answer of Defs. John Reeher and Reeher Enterprises, Inc., at ¶ 94; Answer of Def. Aaron Clause, at ¶ 95. This provided plaintiffs sufficient notice with respect to defendants' claim that the early issuance of a right-to-sue letter did not

comply with the procedural requirements set forth in 42 U.S.C. § 2000e–5(b), 5(f)(1). *See, e.g., Swiss Bank Corp. v. JLM Int'l, Inc.,* 1995 WL 354847, at *1 n. 1 (S.D.N.Y. June 13, 1995); *see also Mareno v. Rowe,* 910 F.2d 1043, 1045 (2d Cir.1990) ("[P]leadings are to be construed liberally so 'as to do substantial justice.'") (citation omitted), *cert. denied,* 498 U.S. 1028, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991); *Friedlander v. Cimino,* 520 F.2d 318, 320 (2d Cir.1975) (per curiam) ("While clarity and precision are desirable in any pleading, the Federal Rules of Civil Procedure ... require ... [a] generalized summary of the claims and defenses, sufficient to afford fair notice to the parties...."); 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1274 (West 1990) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense.") (footnotes omitted). Thus, the Court rejects plaintiffs' argument that defendants waived this affirmative defense in their responsive pleadings.

■ Plaintiffs next argue that courts have upheld the EEOC regulation permitting early issuance of right-to-sue letters. After addressing this issue at length in its prior Memorandum–Decision and Order, the Court held that:

> [A]bsent dismissal, the 180–day requirement in section 2000e–5(f)(1), read in conjunction with section 2000e–5(b)'s mandate that an investigation be conducted, clearly prohibits the issuance of a right-to-sue letter prior to the expiration of 180 days following the filing of the administrative complaint. Because the Court finds that under these circum-

---

**3.** Recognizing this point, plaintiffs acknowledged that:

> All Plaintiffs' Complaints (the February 17, 1999 Complaint, the First Amended Complaint, and the Second Amended Complaint) were served and filed based on right-to-sue letters received pursuant to 29 C.F.R. § 1601.28(a)(2). This Court can remand this case back to the EEOC for 167

days under *Martini v. Federal Nat'l Mortgage Ass'n,* 178 F.3d 1336 (D.C.Cir. 1999).... Any decision reached on *Martini* can apply equally to the First Amended Complaint, and the February 17, 1999 Complaint.

Letter of Patrick J. Higgins, at 2–3 (dated September 12, 1999) (Docket No. 66).

stances amending the complaint to add Reeher Majik, Inc. would be futile in light of plaintiffs' untimely action, plaintiffs should not have been granted leave to file a Second Amended Complaint.

*Stetz*, 70 F.Supp.2d at 125.

Accordingly, for the reasons stated in the Court's Memorandum–Decision & Order dated August 14, 1999, defendants' motion to dismiss the Complaint is GRANTED with respect to plaintiffs' claims under Title VII, 42 U.S.C. § 2000e *et seq. See id.* at 121–25. Plaintiffs' claims are RE-MANDED to the EEOC to comply with the 180–day requirement in section 2000e–5(f)(1). Having dismissed plaintiffs' federal cause of action, the Court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Shenandoah v. United States Dep't of the Interior,* 159 F.3d 708, 714 (2d Cir.1998); *Castellano v. City of New York,* 142 F.3d 58, 74 (2d Cir.1998).

### III. Conclusion

For all of the foregoing reasons, defendants' motion to dismiss the Complaint is **GRANTED**, and plaintiffs' claims are **RE-MANDED** to the EEOC for compliance with 42 U.S.C. § 2000e–5(f)(1). The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**