**Tina STAFFORD, Plaintiff,**

v.

**SEALRIGHT, INC., Defendant.**

No. 99–CV–85.

United States District Court,
N.D. New York.

June 21, 2000.

Berg Law Office, Syracuse, NY, for plaintiff; Stefan D. Berg, of counsel.

Harris, Beach & Wilcox, LLP, Syracuse, NY, for defendant; James E. Sparks, of counsel.

Belkin, Billick & Harrold Co., LPA, Cleveland, OH, for defendant; John T. Billick, of counsel.

## MEMORANDUM–DECISION AND ORDER

MORDUE, District Judge.

### INTRODUCTION

Plaintiff Tina Stafford ("Stafford") worked for defendant Sealright, Inc. ("Sealright") as a factory line worker from 1989 until 1998. Stafford alleges that she became the target of gender based discrimination when a coworker began making sexually inappropriate remarks. Stafford allegedly reported the foregoing to Sealright but claims that no action was taken to remedy her complaints. She consequently resigned from her position on July 9, 1998.

Plaintiff alleges she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 11, 1998.[1] Armstrong Aff. at Ex. A. Plaintiff requested a Right to Sue letter simultaneously with the filing of the Charge of Discrimination. *See Id.* As urged by plaintiff, the EEOC issued a Right to Sue letter on November 27, 1998, well before the expiration of the 180–day period within which the EEOC would otherwise have begun the administrative process of investigating plaintiff's claims. Plaintiff commenced the present action on January 20, 1999, alleging violations of 42 U.S.C. § 2000e–5 ("Title VII") and New York Executive Law § 296.

Defendant presently moves this Court to dismiss plaintiff's complaint for failure to exhaust administrative remedies. Specifically, defendant argues that the complaint should be dismissed since plaintiff received her Right to Sue letter prior to expiration of the 180–day investigation and conciliation period established by 42 U.S.C. § 2000e–5(f)(1). In opposition, plaintiff argues that (i) an "early" Right to Sue letter is not jurisdictionally defective; (ii) an "early" Right to Sue letter does not violate

Title VII; and (iii) plaintiff is entitled to rely on past practice of the EEOC and the state of the law as it allegedly existed at the time plaintiff initiated the present action.

### DISCUSSION

Regarding the issuance of Right to Sue letters by the EEOC and the timing of civil suits, Title VII states in pertinent part as follows:

> If a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after giving such notice a civil action may be brought against the respondent named in the charge.

42 U.S.C. § 2000e–5(f)(1).

In 1977, the EEOC enacted a regulation which purports to give the agency authority to issue a Right to Sue notice prior to the 180–day period set forth in 42 U.S.C. § 2000e–5(f)(1). *See* 29 C.F.R. § 1601.28(a)(2). This regulation provides that the EEOC may, upon request by a person aggrieved, authorize a private suit "at any time prior to the expiration of 180–days from the date of filing the charge with the Commission ... [if the agency] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days...." *Id.* Courts are divided as to whether the EEOC's issuance of an "early" Right to Sue letter pursuant to this regulation is *ultra vires* in light of Title VII's mandate that the Commission "shall" investigate all claims of employment discrimination and "shall" endeavor to eliminate any unlawful employment

---

1. Although an EEOC date-stamped copy of the Charge of Discrimination supports defendant's argument that same was not filed until November 20, 1998, this discrepancy is immaterial for purposes of the motion.

practice via settlement and/or conciliation. *See* 42 U.S.C. § 2000e–5(b).[2]

This Court agrees with the *Stetz* and *Rodriguez* courts which held that the issuance of an "early" Right to Sue notice by the EEOC before it has undertaken an investigation of the charge is violative of the 180–day mandatory waiting requirement of § 2000e–5(f)(1) and the duty imposed on the EEOC by 42 § 2000e–5(b) to attempt to resolve disputes short of litigation. *See* 70 F.Supp.2d at 123, 65 F.Supp.2d at 107. Chief Judge McAvoy held in *Stetz* that:

> [i]ndeed, the issuance of a right-to-sue letter before the EEOC is permitted to investigate a plaintiff's allegation and attempt conciliation would result in an

emasculation of the clear statutory language of Title VII and the Congressional policy underlying Title VII, which is aimed at having the EEOC, rather than the courts, resolving disputes involving unlawful employment practices.

*Stetz,* 70 F.Supp.2d at 123. The Court also concludes that the Second Circuit's holding in *Weise v. Syracuse University,* 522 F.2d 397 (2d Cir.1975), does not preclude this determination. *See Stetz,* 70 F.Supp.2d at 124–25. In *Weise,* the Second Circuit concluded that the EEOC could issue an "early" Right to Sue notice to a litigant who had filed a second claim of employment discrimination against an employer after the EEOC had fully investigated the litigant's earlier charge against the same employer.[3] Unlike *Weise,* there has been no

**2.** *See, Martini v. Federal National Mortgage Ass'n,* 178 F.3d 1336 (D.C.Cir.1999) (concluding that the "EEOC's power to authorize suits within 180 days undermines its express statutory duty to investigate every charge filed as well as Congress's unambiguous policy of encouraging informal resolution of charges up to the 180th day." *Id.* at 1347). Many district courts have similarly concluded that the 180 day waiting period is a prerequisite to filing a claim in federal court. *See, Rodriguez v. Connection Technology, Inc.,* 65 F.Supp.2d 107 (E.D.N.Y.1999); *Stetz v. Reeher Enterprises, Inc.,* 70 F.Supp.2d 119 (N.D.N.Y.1999); *Olszewski v. Bloomberg L.P.,* 1997 WL 375690 (S.D.N.Y. July 7, 1997); *Pearce v. Barry Sable Diamonds,* 912 F.Supp. 149 (E.D.Pa.1996); *Montoya v. Valencia County,* 872 F.Supp. 904 (D.N.M.1994); *Henschke v. New York Hospital–Cornell Medical Ctr.,* 821 F.Supp. 166 (S.D.N.Y.1993); *Wilk v. Intercontinental Hotel of New York,* 1993 WL 88230 (S.D.N.Y. March 24, 1993); *True v. New York State Dep't of Correctional Serv.,* 613 F.Supp. 27 (W.D.N.Y. 1984); *New York v. Holiday Inns, Inc.,* 656 F.Supp. 675 (W.D.N.Y.1984); *Mills v. Jefferson Bank East,* 559 F.Supp. 34 (D.Colo.1983); *Spencer v. Banco Real, S.A.,* 87 F.R.D. 739 (S.D.N.Y.1980); *Loney v. Carr–Lowrey Glass Co.,* 458 F.Supp. 1080 (D.Md.1978). *But see, Sims v. MacMillan,* 22 F.3d 1059 (11th Cir. 1994) and *Saulsbury v. Wismer and Becker, Inc.,* 644 F.2d 1251 (9th Cir.1980), both of which held that EEOC's issuance of a Right to Sue letter at a claimant's request and prior to the expiration of 180 days from the filing of the complaint with the Commission does not preclude the complainant from filing suit in the appropriate federal court. Other district courts have joined the Eleventh and Ninth

Circuits. *See, Palumbo v. Lufthansa German Airlines,* 1999 WL 540446 (S.D.N.Y. July 26, 1999); *Rosario v. Copacabana Night Club, Inc.,* 1998 WL 273110 (S.D.N.Y. May 28, 1998); *Figueira v. Black Entertainment Television,* 944 F.Supp. 299 (S.D.N.Y.1996); *Parker v. Noble Roman's, Inc.,* 1996 WL 453572 (S.D.Ind. June 26, 1996); *Martinez v. Labelmaster,* 1996 WL 580893 (N.D.Ill. Oct.4, 1996); *Defranks v. Court of Common Pleas,* 1995 WL 606800 (W.D.Pa. Aug.17, 1995); *Rolark v. University of Chicago Hosps.,* 688 F.Supp. 401 (N.D.Ill.1988); *Cattell v. Bob Frensley Ford, Inc.,* 505 F.Supp. 617 (M.D.Tenn.1980); *Vera v. Bethlehem Steel Corp.,* 448 F.Supp. 610 (M.D.Pa.1978); *Howard v. Mercantile Commerce Trust Co.,* 1974 WL 302 (E.D.Mo. Nov.27,1974).

**3.** In so holding, the Court noted:

> While it is true that, absent the dismissal of a charge by the EEOC, the [Right–to–Sue] Notice should not issue until the charge has been before the Commission for at least 180 days, in this case there was a prior charge against the same employer that had been pending for more than the required time, and it was clear that no conciliation was likely. There was thus little reason to think that the second charge alleging a continuing course of discrimination would have ended in conciliation. To require the EEOC to hold the second charge for 180 days would not have advanced the conciliation purposes of the Act and would only have served to delay the proceedings, contrary to the Act's policy of handling claims expeditiously. In the circumstances of this case, therefore, we decline to hold that the

investigation or attempt at conciliation with respect to plaintiff's allegations. To the contrary, the EEOC dismissed plaintiff's Charge of Discrimination on grounds of administrative convenience almost immediately after it was filed. Therefore, the requirements of § 2000e–5(b) have not been satisfied in the present action thereby distinguishing the present facts from those considered in *Weise*.

Accordingly, the Court finds that notwithstanding 29 C.F.R. § 1601.28(a)(2), Title VII clearly prohibits the issuance of a Right to Sue notice prior to expiration of 180–days following the filing of an aggrieved person's administrative charge of employment discrimination, particularly when the record indicates, as it does here, that the EEOC has not conducted any meaningful inquiry into plaintiff's charge prior to authorizing a civil suit. Indeed, the statutory scheme of exhaustion of administrative remedies outlined by Congress in Title VII is "both mandatory and unqualified, and is not to be given short shrift." *Rodriguez*, 65 F.Supp.2d at 111.

Accordingly, defendant's motion to dismiss the complaint is GRANTED with respect to plaintiff's Title VII claim. Plaintiff's action is remanded to the EEOC for further proceedings mandated by Title VII and consistent with this decision. *See Stetz v. Reeher Enterprises, Inc.* ("Stetz II"), 70 F.Supp.2d 126 (N.D.N.Y.1999); *Rodriguez*, 65 F.Supp.2d at 112–13; *New York v. Holiday Inns, Inc.*, 656 F.Supp. at 680. Having dismissed plaintiff's federal cause of action, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claim. *See* 28 U.S.C. § 1367(c)(3).

## *CONCLUSION*

Based on the foregoing, defendants' motion to dismiss plaintiff's complaint is GRANTED and plaintiff's claims are RE-

issuance of the [Right–to–Sue] Notice three days after the filing of the charge was contrary to the procedural requirements of the Act.

MANDED to the EEOC for compliance with 42 U.S.C. § 2000e–5.

IT IS SO ORDERED.