Patrick MATTHEWS and Janet Matthews, Plaintiffs,

v.

USAIR, INC., Fantasy Cruises, Inc. and Celebrity Cruises, Inc., Defendants.

USAIR, INC., Third–Party Plaintiff,

v.

FOOD SOURCE, INC., and Michael Lewis Company, Third–Party Defendants.

MICHAEL LEWIS COMPANY, Fourth–Party Plaintiff,

v.

JERRY'S CATERERS, Fourth–Party Defendant.

Civ. No. 92–CV–1424.

United States District Court, N.D. New York.

April 7, 1995.

Amdursky, Pelky, Fennell & Wallen, P.C., Oswego, NY, for plaintiffs; Joseph E. Wallen, of counsel.

Hill, Betts & Nash, New York City, for defendants Fantasy Cruises, Inc. and Celebrity Cruises, Inc.; Gregory W. O'Neill, of counsel.

Law Office of Michael Donnelly, Syracuse, NY, for defendant, third-party plaintiff

USAir, Inc. and fourth-party defendant Jerry's Caterers; Victoria Lieb Lightcap, of counsel.

MacKensie, Smith, Lewis Michell & Hughes, Syracuse, NY, for third-party defendant Food Source, Inc.; Arthur A. Chalenski, of counsel.

Johnson, Atkinson, Getnick & Livingston, Utica, NY, for third-party defendant, fourth-party plaintiff Michael Lewis Co.; Janet M. Richmond, of counsel.

### DECISION AND ORDER

SCULLIN, District Judge:

### INTRODUCTION

Before the court is defendant and third-party plaintiff USAir's appeal of Magistrate DiBianco's discovery order filed March 6, 1995 which requires USAir to produce documents and make certain microfiche records available for inspection. In the underlying action plaintiff and his wife assert claims of negligence, breach of warranty, strict liability and loss of consortium because he allegedly suffered salmonella poisoning after eating defendants' food. This discovery dispute arises from USAir's allegedly inadequate responses to plaintiffs' interrogatories.

Plaintiffs' interrogatory number 9 requested the names and addresses of passengers aboard USAir Flight 90 from Fort Lauderdale to Syracuse on February 10, 1991. USAir eventually responded by submitting a reservation list and photocopies of boarding passes (apparently copied from microfiche) from which plaintiffs were to cross-reference and discern who was aboard the pertinent flight. Due to the poor quality of the copies, plaintiffs sought from USAir either better copies or access to the original microfiche. Rebuffed, plaintiffs turned to Magistrate Di-Bianco who ordered USAir to provide "the full name, last known residence address and telephone number of those individuals that they are able to identify as having been on board U.S.Air Flight 90 on February 10, 1991 . . ." and to provide "the original microfiche of its ticket coupons pertaining to U.S.Air Flight 90 of February 10, 1991 . . . for review in Syracuse, New York, and that counsel for U.S.Air shall make appropriate

arrangements for the review of same by counsel for Plaintiffs."

USAir contends that these requirements are contrary to Rule 33 of the Federal Rules of Civil Procedure and are unduly burdensome and calculated to harass them. The court disagrees.

Discovery matters are generally considered non-dispositive. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.), *cert. denied*, 498 U.S. 846, 111 S.Ct. 132, 112 L.Ed.2d 100 (1990). In accord with 28 U.S.C. § 636(b)(1)(A), this court reviews the Magistrate's order on a non-dispositive pre-trial matter under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). A decision is "clearly erroneous" when the reviewing court is left with the "definite and firm conviction that a mistake has been committed." *Evans v. Visual Technology Inc.*, 1994 WL 28002 (N.D.N.Y.1994) (McCurn, J.). A magistrate is afforded broad discretion with respect to discovery matters because no one factor controls discovery disputes, rather the magistrate must balance the need for the information sought against the burden of producing it and the exposure to irreparable harm. *Id.*

Although Fed.R.Civ.P. 33 permits a party to answer interrogatories with business records as long as the burden of deriving the answer from the documents is equal among the parties, "[t]he Rule does not permit a party to answer simply by directing the seeking party to an undifferentiated mass of business records which may or may not answer the interrogatory." *Cathay Pacific Airways, Ltd. v. Fly and See Travel, Inc.*, Nos. 90–CV–371, 90–CV–372, 90–CV–5049, 1991 WL 156381 (S.D.N.Y. Aug. 8, 1991). USAir claims that the passengers can be determined just as easily by either party by cross-referencing the reservation list and the boarding passes. While that may be accomplished with clear copies, it certainly cannot be done with the copies USAir has provided plaintiffs. The copies of the boarding passes are completely unintelligible, and without them, the reservation list becomes nothing more than an "undifferentiated mass of busi-

ness records." Therefore the Magistrate's order is not contrary to Rule 33 and USAir's contention is without merit.

USAir also contends that the Magistrate's order requiring USAir to produce the original microfiche of the ticket passes is "unduly burdensome and calculated to harass [USAir], particularly where copies of the original document, the ticket coupons, have been provided to Plaintiffs' counsel." USAir's Objections at 6 (Docket # 49). USAir has not shown how the Magistrate's order is calculated to harass them (or what would motivate the Magistrate to do so). In any event, the copies of the ticket passes that USAir has produced are unintelligible and requiring a review of the originals is not clearly erroneous or contrary to law.

Therefore it is hereby

ORDERED that Magistrate DiBianco's Order filed March 6, 1995 is AFFIRMED.

**IT IS SO ORDERED.**