John DOE and Jane Doe, Plaintiffs,

v.

Naomi MARSH et al., Defendants.

No. 93–cv–0676.

United States District Court,
N.D. New York.

Oct. 6, 1995.

Connie Mayer, Albany Law School Law Clinic, Albany, New York (Connie Mayer, of counsel), for plaintiffs.

Dennis C. Vacco, Attorney General of the State of New York, Albany, New York (Deirdre Roney, of counsel), for defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

Plaintiff, JOHN DOE, is appealing from an Order of Magistrate Judge Smith, dated July 17, 1995, which ordered Clinical Services and Consultation, Inc., to disclose "all records in plaintiff's file" to the defendants' counsel. The Magistrate Judge also ordered that disclosure of the records be limited solely to Assistant Attorney General Deirdre Roney, defendants' counsel, ordered no further disclosure of the records without a court order, and set certain deadlines· for discovery and trial.

The plaintiff, John Doe, alleges that he has suffered emotional harm as a result of the alleged breach by the New York State Education Department. The Plaintiff alleges that the Education Department published

plaintiff's HIV status in a department publication, which was distributed to a number of individuals. The record reveals that in the past the plaintiff has received counseling from Clinical Services and Consultation, Inc., an alcohol and drug abuse counseling center. On November 22, 1994, Plaintiff Doe signed a consent to disclose the records to the defendants' counsel. However, Clinical Services declined to honor the consent form. Moreover, the plaintiff apparently has withdrawn his consent. The Magistrate Judge then ordered disclosure by the July 17, 1995 order from which and plaintiff Doe now appeals.

## II. DISCUSSION

### A. Standard Of Review

Rule 72(a) of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. §§ 631–639 (1988), guide the Court's review of defendants' objections to Magistrate Judge Smith's discovery-related rulings. Under both the rule and the statute, the appropriate standard of review depends on whether the issue decided by the Magistrate Judge is dispositive or non-dispositive of the litigation. As to non-dispositive matters, a district court shall reverse a Magistrate Judge's findings only if they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). However, as to those matters deemed by Congress to be dispositive, the Court's review is governed by a de novo standard. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b). Pretrial matters involving discovery are generally considered non-dispositive since they do not resolve the substantive claims for relief alleged in the pleadings. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir.1990). Accordingly, district courts typically review such orders under the clearly erroneous or contrary to law standard of review. See, e.g., Aries Ventures Ltd. v. Axa Finance S.A., 696 F.Supp. 965, 966 (S.D.N.Y.1988); Empire Volkswagen, Inc. v. World–Wide Volkswagen Corp., 95 F.R.D. 398, 399 (S.D.N.Y.1982), aff'd, 814 F.2d 90 (2d Cir.1987). The Supreme Court has recognized that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). Pursuant to this highly deferential standard of review, magistrate judges are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if the discretion is abused. See Conway v. Icahn, 16 F.3d 504, 510 (2d Cir.1994) (citing, Chnapkova v. Koh, 985 F.2d 79, 81 (2d Cir. 1993)).

### B. Disclosure Of Confidential Records

The plaintiff, Doe, asserts that pursuant to 42 U.S.C. § 290dd–2(a), which provides that certain records "maintained in connection with the performance of any program or activity relating to substance abuse ... shall ... be confidential," the Magistrate Judge should have refused to order the disclosure of certain physician-patient records. However, under 42 U.S.C. § 290dd–2(b)(2), a court can order the disclosure of such records if "good cause" is shown. 42 U.S.C. § 290dd–2(b)(2)(C). The statute instructs that "the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." Id. Moreover, "[u]pon the granting of such order [of disclosure], the court ... shall impose appropriate safeguards against unauthorized disclosure." Id.

Disclosure may also be made pursuant to the regulations set forth in 42 C.F.R. § 2.64. The regulations permit disclosure of confidential communications if there is a showing of "good cause." 42 C.F.R. § 2.64(d). "To make this determination the court must find that: (1) Other ways of obtaining the information are not available or would not be effective; and (2) The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship, and the treatment services." 42 C.F.R. § 2.64(d)(1) & (d)(2). The regulations then limit the disclosure to "those parts ... which are essential to fulfill the objective of the order; ... to those persons whose need for information is the basis of the order;" and advise the court to take such

other measures as are necessary. 42 U.S.C. § 290dd–2(e). The Court must now look to the Magistrate Judge's order to determine if it contains a clear error of law in light of the foregoing standards.

## C. Magistrate Judge's Order

█ The Magistrate Judge ordered disclosure of the confidential records. As an initial matter, and presumably on policy grounds, the Magistrate Judge stated that the plaintiff "is free not to provide his consent, [but] he may not have it both ways and claim damages yet seek to conceal evidence which may very well pertain directly to his claim." July 17, 1995 Order at 2. The concealment of evidence relating to a material issue of the case clearly supports a showing of good cause, particularly if the evidence is unavailable by another means. The Magistrate Judge found that the evidence was, in fact, *not* available by some other means. Specifically, the Magistrate Judge found that, four years after the treatment, the plaintiff "would be unable to provide the detail which is almost certainly contained in the written record." July 17, 1995 Order at 3. In addition, the plaintiff could not testify as to the comments and notes of the treating physician. Accordingly, "a further deposition would not adequately provide the information nor would any other method which occurs to this court." *Id.* This Court, upon consideration of the papers submitted with this motion, and upon review of the record in this case, can find no facts that show that the information contained in the subject files can be obtained by another means. Accordingly, the Magistrate Judge committed no clear legal error by ordering disclosure based on a finding that the evidence was not otherwise available.

Second, the Magistrate Judge found that there was "a public interest in getting to the truth of plaintiff's claim of emotional damages." July 17, 1995 Order at 3. The Magistrate Judge essentially decided that by not disclosing the files, the plaintiff would be withholding information "that might cast doubt upon that claim," and that such nondisclosure would be "contrary to the truth-seeking function of litigation." *Id.* This Court

notes that it has long been held that there are strong public policies that favor disclosure for the purposes of narrowing issues, ascertaining facts, and reducing the possibility of surprise at trial. *See Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Fidelis Fisheries, Ltd. v. Thorden,* 12 F.R.D. 179 (D.C.N.Y.1952). Particularly, when the confidential information is safeguarded, as with the Magistrate Judge's order which limited disclosure to the defendants' counsel only, the policies in favor of disclosure must be given due weight. The Magistrate Judge's finding of a public interest in disclosure is clearly supported by the law.

Third, the Magistrate Judge's order found that any potential harm to the plaintiff would be minimal, particularly in light of the fact that disclosure would be limited to defendants' counsel, and given the fact that the Court had such power as would be necessary to safeguard against the potential disclosure of the information. *Id.* The plaintiff has made no showing that the limited disclosure provided for in the Magistrate Judge's order would precipitate any harm to the plaintiff. Absent some showing of harm to the plaintiff by disclosure, and given the public interest in disclosure as set forth above, the Magistrate Judge did not commit a clear legal error by weighing the balance of interests in this case in favor of disclosure.

█ Finally the plaintiff argues that disclosure should be limited by six months, since only records from the date of the alleged unlawful breach of confidentiality are relevant to this case. This Court disagrees. The records from dates prior to the alleged unlawful disclosure are directly relevant to whether and to what extent the disclosure caused the plaintiff any emotional harm. *See Conway,* 16 F.3d at 510; *O'Boyle v. Jensen,* 150 F.R.D. 519 (M.D.Pa.1993). Such information should be discoverable.

## III. CONCLUSION

Based on the foregoing, this Court finds that the Magistrate Judge properly issued the July 17, 1995 order, and that there was no abuse of the Magistrate Judge's discretion or clear error of law by ordering the disclo-

sure of certain confidential records of the plaintiff, particularly in light of the protection set forth in the order to safeguard against potential further dissemination of the information. Accordingly, this Court affirms the July 17, 1995 order, and orders the plaintiff, Clinical Services and Consultation, Inc., and the defendants to comply with the order in its entirety.

**IT IS SO ORDERED.**