**In the Matter of the Complaint of KRETA SHIPPING, S.A., as owner of M/V Amphion for Exoneration from or Limitation of Liability.**

Nos. 96 CIV. 1137(KMW), 96 CIV. 600(KMW), 96 CIV. 703(KMW), 96 CIV. 7711(KMW).

United States District Court, S.D. New York.

Aug. 18, 1998.

Richard V. Singleton, II, Healy & Baillie; New York City, for Plaintiff.

Stanley McDermott, III, Piper & Marbury, David L. Mazar, Kirk M. Lyons, Lyons, Skoufalos, Proios & Flood, Timothy D. Hill, Rivkins Loesberg O'Brien Mulroy & Hayden, New York City, Machale A. Miller, O'Neil, Eichin, Miller, Saporito & Harris, New Orleans, LA, for Defendant.

MEMORANDUM OPINION and ORDER

KIMBA M. WOOD, District Judge.

Kreta Shipping, S.A. ("Kreta") moves pursuant to Rules 26(a)(2) and 37(c)(1) of the Federal Rules of Civil Procedure to strike portions of three of the cargo claimants' experts' trial affidavits, which would constitute their direct testimony at trial, on the ground that portions of the trial affidavits present opinions that were not contained in the experts' prior reports. For the reasons set forth below, the Court grants Kreta's motion in part and denies it in part.

### I. Background

The facts giving rise to these actions are set forth in previous opinions of this Court, *see; In re Complaint of Kreta Shipping, S.A.,* No. 96 Civ. 1137, 1998 WL 299873 (S.D.N.Y., June 5, 1998); *In re Complaint of Kreta Shipping, S.A.,* 1 F.Supp.2d 282 (S.D.N.Y.1998); *In re Complaint of Kreta Shipping, S.A.,* No. 96 Civ. 1137, 96 Civ. 703, 1998 WL 173167 (S.D.N.Y., Jan. 29, 1998); *In re Complaint of Kreta Shipping, S.A.,* No. 96 Civ. 1137, 1997 WL 115428, 1997 A.M.C. 1676 (S.D.N.Y., Mar. 14, 1997), familiarity with which is assumed. The facts relevant to the instant motion relate to the timing of expert disclosures, the content of those disclosures, and the content of the challenged portions of the expert trial affidavits.

With the Court's approval, the parties agreed (1) to exchange expert reports in October 1997, (2) to exchange any rebuttal expert reports later in October 1997, and (3) to conduct expert depositions in November 1997. The parties' agreement to this schedule states that the purpose of submitting rebuttal reports prior to expert depositions is to avoid the need for second expert depositions. Kreta challenges portions of the trial affidavits of Szilard Pantyik, William Haggard, and Joseph Winer. Kreta argues that the opinions expressed in portions of each of these trial affidavits were not previously disclosed in the expert reports. Kreta also moves to strike Joseph Winer's supplemental trial affidavit on the ground that it is not timely because it was submitted after the deadline for the submission of trial affidavits.

### II. Discussion

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires an expert witness to submit a report that:

> shall contain a complete statement of all opinions to be expressed and the basis and reasons thereof; the data or other information considered by the witness in forming the opinion; any exhibits to be used as a summary of or support for the opinion . . . .

Fed.R.Civ.P. 26(a)(2)(B). Expert testimony exceeding the bounds of the expert's report is excludable pursuant to Rule 37(c)(1):

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . shall not, unless such failure is harmless, be permitted to use as evidence at trial any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

Fed.R.Civ.P. 37(c)(1). These 1993 amendments to the Federal Rules of Civil Procedure were intended to "impose an additional duty to disclose information concerning expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed.R.Civ.P. 26(a)(2) 1993 advisory committee's note.

### A. Trial Affidavit of Szilard Pantyik

Kreta argues that Mr. Pantyik's trial affidavit on the repair history of the AMPHION and its ventilators goes beyond his prior expert report. (Pantyik Aff. at 5–7.) Kreta objects that Mr. Pantyik's initial report did not include a statement of opinion that "most of the repairs recommended in Antwerp were not carried out," (*id.* at 5), and that "the [hatch] covers were defective when the ship left Brake and would not keep seawater out of the holds" (*id.* at 5, 6), derived from his review of the repair history of the AMPHION at Antwerp and Brake. In Mr. Pantyik's expert report, he stated that "[t]he hatch-covering system of the AMPHION was improperly maintained. This is confirmed by

the ultrasonic test in Antwerp, the sealing problem with No. 2 hatch in Brake, and the presence of the chain on one of the panels for the No. 2 hold and the leakage itself." (Survey Report at 10.) Thus, while Mr. Pantyik's expert report does express his view, stated in his trial affidavit, that the vessel's hatchcovers were not properly maintained, his report nowhere expresses the view that repairs recommended in Antwerp and Brake were not carried out. In this regard, Mr. Pantyik's trial affidavit does not meet the requirements of Rule 26(a)(2)(B).

Kreta also asserts that Mr. Pantyik's report does not contain a statement of his opinion concerning the design requirements and specifications for the vessel's ventilators. In his trial affidavit, Mr. Pantyik opines:

> According to ABS Rules, and in particular 3/20.9.1, these ventilators whose coamings measured more than 457 mm in diameter, should have had a minimum wall thickness of 10 mm. Based on the measurements taken by the various consultants the flanges did not meet this requirement. The No. 1 starboard mushroom ventilator measured 5 mm for the lower flange and 3 mm for the upper flange. This overly-thin wall quite obviously could not withstand the boarding seas that were encountered.

By contrast, Mr. Pantyik's expert report does not mention the ABS Rules (ABS was the vessel's classification society). In his initial report's comments most closely touching on the state design requirements for the ventilators, Mr. Pantyik states: "When the ventilators were renewed the scantling should not have been reduced below the original. Proper design and installation requires that the thickness of the metal for the lower section and flange of the ventilator trunk should be the same as the thickness of the flange of the upper portion .... The No. 1 ventilator that was swept away did not comply in that the upper flange was considerably thinner than lower. The water found in the vessel's holds entered through the defective ventilation system." (Survey Report at 9–10.) Mr. Pantyik's initial report also does not cite the ABS Rules as the basis for his opinion that proper design requirements for the thickness of metal ventilators. Thus, his

report also does not meet the Rule 26(a)(2)(B)'s requirements in this regard.

### B. Trial Affidavit of William Haggard

■ Kreta objects that Mr. Haggard's trial affidavit contains several criticisms of Kreta's own meteorological expert, Mr. Robert Cohen. Mr. Haggard did not provide a rebuttal expert report, and the parties do not dispute that Mr. Haggard's initial report did not contain any opinions concerning Mr. Cohen's opinions. Rule 26(a)(2)(B) provides that the expert's report "shall contain a complete statement of all opinions to be expressed and the basis and the reasons thereof." Fed.R.Civ.P. 26(a)(2)(B). The Rule makes no exception for opinions about other experts' analyses.

■ The Court rejects cargo claimants' suggestion that it should read an exception into Rule 26(a)(2)(B)'s clear requirement that expert reports contain a statement of "all opinions to be expressed and the basis and reasons thereof" for opinions about another expert's analysis of the same subject matter, which rebuts or contradicts another expert's testimony. The "federal civil rules ... require[ ] disclosure to one's opponent of expert testimony intended for use as rebuttal evidence within 30 days of the opponent's disclosure of his expert testimony, unless the district court otherwise directs or the parties otherwise stipulate." *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir.1996). The fact that there are clear deadlines for the disclosure of rebuttal expert testimony in the federal civil rules, *see* Fed.R.Civ.P. 37(c)(1), and that failure to abide by those deadlines may result in exclusion of the rebuttal expert testimony, *see, e.g., Congressional Air, Ltd. v. Beech Aircraft Corp.*, 176 F.R.D. 513, 517 (D.Md.1997) (motion to exclude rebuttal expert testimony granted because of untimely filing of rebuttal expert report), demonstrates that rebuttal expert testimony is not excepted from the reporting requirements of Rule 26(a)(2)(B). Indeed, if expert testimony contradicting another expert's analysis were exempt from Rule 26(a)(2)(B)'s stringent disclosure requirements, in many cases parties would have no incentive to file rebuttal reports. The Court holds that Mr. Haggard's trial affidavit's crit-

icism of Kreta's expert, Mr. Cohen, violates the requirements of Rule 26(a)(2)(B) because it was not previously disclosed in the form of a rebuttal expert report.

### C. *Trial Affidavit and Supplemental Trial Affidavit of Joseph Winer*

■ Kreta objects that Mr. Winer's trial affidavit includes opinions on the following matters that were not included within his expert report: (1) that Kreta failed to advise ABS of certain modifications and alleged deficiencies with respect to the vessel, and (2) that the vessel was impermissibly over-loaded upon departure. Cargo claimants' principal response to this charge is that Mr. Winer's trial affidavit testimony on these matters is only a statement of facts, not expert opinion. The Court rejects cargo claimants' view. For instance, Mr. Winer states that

> [t]he hatch cover leaks detected by MacGregor affected seaworthiness and pursuant to the American Bureau of Shipping Rules should have been reported to the ABS for their determination of what action was required. This was not done. Based on my experience, I am of the view that Kreta and/or Astron failed to do so because the American Bureau of Shipping would have required far more extensive repairs than those MacGregor–Navire ultimately performed.

(Winer Aff. at 22–23.) Neither this, nor many other statements in Mr. Winer's trial affidavit to which Kreta objects, are statements of facts. Because the statements in Mr. Winer's trial affidavit concerning (1) Kreta's alleged failure to advise ABS of certain modifications and alleged deficiencies with respect to the vessel, and (2) the vessel allegedly being impermissibly over-loaded upon departure were not included in his prior expert reports, these statements in Mr. Winer's trial affidavit violate Rule 26(a)(2)(B).

Mr. Winer's supplemental trial affidavit is untimely, and the Court excludes it on that ground.

### D. *Sanctions*

■ The portions of Mr. Pantyik's, Mr. Haggard's, and Mr. Winer's trial affidavits that the Court finds violate Rule 26(a)(2)(B)'s disclosure requirements may either be excluded at trial, or the Court may impose an alternative sanction "in addition to or in lieu" of the sanction of exclusion. Fed.R.Civ.P. 37(c)(1). In assessing whether to exclude trial testimony under Rule 37(c)(1), the Court considers:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's [scheduling] order.

*In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791 (3d Cir.1994), *cert. denied sub nom., General Elec. Co. v. Ingram*, 513 U.S. 1190, 115 S.Ct. 1253, 131 L.Ed.2d 134 (1995) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir.1977), *overruled on other grounds, Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir.1985), *aff'd*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987)). In view of the importance to their case of cargo claimants' trial affidavit testimony violating Rule 26(a)(2)(B), and the lack of willfulness on the part of cargo claimants in failing to produce more thorough expert reports or to submit rebuttal reports, the Court finds that a sanction lesser than exclusion of this testimony is appropriate. In *Ferriso v. Conway Org.*, 93 Civ. 7962, 1995 WL 580197, at *2 (S.D.N.Y. Oct. 3, 1995), this Court noted that:

> the strictures of Rule 26(a)(2)(B), combined with Rule 37(c)(1)'s harsh penalty for noncompliance, may at times tend to frustrate the Federal Rules' overarching objective of doing substantial justice to litigants. See Fed.R.Civ.P. 1 (rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"). Although subsequent deposition testimony cannot properly cure a deficiency in an expert's written report, courts should, in my view, grant litigants' motions to amend their written reports where there is no prejudice to their opponent, or where slight inconvenience to

their opponent is outweighed by the need to do substantial justice. This approach would allow the court to adhere to the spirit of the Federal Rules, while at the same time mandating compliance with the more demanding, precise requirements of Rule 26. For example, if a request to amend is received within a reasonable time of the submission of the initial report, and deals with narrowly limited subject matter, prejudice to opposing litigants can at times be cured by an extension of the discovery schedule, or by permitting the defense to conduct a limited, additional deposition, and/or amend its own expert report.

*Id.* Because cargo claimants can cure their disclosure failures without prejudice to Kreta other than a short delay in calling this case for trial, the Court permits cargo claimants to submit supplemental or rebuttal expert reports, as appropriate, to the extent that they closely reflect Mr. Pantyik's, Mr. Haggard's, and Mr. Winer's trial affidavits, and permits Kreta to depose these individuals on new matters contained in their new expert reports. However, since cargo claimants' failure to meet the requirements of Rule 26(a)(2)(B) is the reason that these post-discovery depositions need to be conducted, cargo claimants are directed to compensate Kreta for any extra expenses incurred in conducting these depositions, including attorneys' fees and costs incurred in travel to the depositions, but not attorneys' fees for the preparation for and conduct of the depositions that would have been expended even if cargo claimants had meet their obligations under Rule 26(a)(2)(B) in a timely fashion. *See* Fed.R.Civ.P. 37(c)(1) (court may impose monetary sanctions for violation of Rule 26(a) disclosure requirements). Unless the stipulation of the parties otherwise is approved by the Court, cargo claimants' amended or rebuttal expert reports for Mr. Pantyik, Mr. Haggard, and Mr. Winer are due by August 21, 1998, and their depositions shall be conducted before September 11, 1998.

### III. *Conclusion*

For the reasons set forth above, the Court hereby grants Kreta's motion to strike portions of cargo claimants' expert trial affidavits in part and denies it in part. If cargo claimants do not choose to strike those portions of Mr. Pantyik's, Mr. Haggard's, and Mr. Winer's trial affidavits identified above, they may submit either an amended expert report or a rebuttal expert report, as appropriate, by August 21, 1998. Kreta may then conduct depositions of these two experts by September 11, 1998, unless otherwise agreed by counsel and approved by the Court. As specified above, cargo claimants shall pay part of Kreta's expenses in connection with the taking of these depositions. The ready trial date for this case is now September 14, 1998. Any other issues requiring resolution will be addressed at the commencement of trial.

SO ORDERED.