**Jill L. HASBROUCK, Plaintiff,**

v.

**BankAMERICA HOUSING SERVICES, INC. a division of Bank of America FSB and Phil Tullgren, Defendants.**

No. 98–CV–10 (NPM/GLS).

United States District Court, N.D. New York.

Dec. 9, 1999.

McNamee, Lochner, Titus & Williams, P.C., Albany, NY, Peter A. Pastore, of counsel, for Non-party Trustco Bank.

## MEMORANDUM–DECISION AND ORDER INTRODUCTION

McCURN, Senior District Judge.

Currently before the court are defendants BankAmerica Housing Services' ("BA") and Tullgren's ("Tullgren") objections to the August 4, 1999 Memorandum–Decision and Order of the Honorable David N. Hurd, United States Magistrate Judge,[1] granting plaintiff Jill Hasbrouck and non-party Trustco Bank ("Trustco") a protective order on information about plaintiff's confidential settlement with Trustco. This matter was submitted under seal and without oral argument.

## BACKGROUND

Plaintiff brings suit against BA pursuant to 42 U.S.C. § 2000e–2 alleging sexual harassment and discriminatory discharge. Plaintiff successfully obtained an order protecting from discovery the facts and circumstances surrounding a confidential settlement agreement ("agreement") between herself and her former employer, Trustco.[2]

This agreement settled "any and all disputes relating to or arising" from Hasbrouck's former employment and termination of employment with Trustco, including, among other things, "any claims of sexual discrimination or sexual harassment under state or federal law[.]" Appeal Record Ex. A2 at 1–2. The agreement included a strict confidentiality provision, including significant liquidated damages in the event of a breach.[3] *See id.* at 3, 5. The agreement did not contain an exception for disclosure ordered by a court, or pursuant to judicial process, *see id.,* nor, for that matter, was the agreement ever filed with the court or "so ordered." It was an entirely private agreement.

DeLorenzo, Pasquariello & Weiskopf, P.C., Schenectady, NY, Thomas E. DeLorenzo, of counsel, for Plaintiff.

Nixon, Peabody LLP, Albany, NY, Andrew C. Rose, of counsel, for Defendant BankAmerica.

Dreyer Boyajian LLP, Albany, NY, Daniel J. Stewart, of counsel, for Defendant Tullgren.

1. Judge Hurd is now serving as a U.S. District Judge.

2. Trustco received permission from Judge Hurd to appear and support plaintiff's motion. It similarly has filed a brief before this court urging affirmance.

3. A redacted version of the agreement was supplied to the parties and court for purposes of discovery and this subsequent discovery dispute.

In August of 1998, BA served Trustco with a subpoena requiring production of this agreement and plaintiff's personnel file. Trustco produced the personnel file, as was permissible under the agreement; plaintiff and Trustco objected to production of the agreement, however. A redacted version of the agreement was produced for purposes of discovery. *See supra* note 3.

In December of 1998, BA questioned plaintiff at deposition regarding the facts and circumstances surrounding her settlement with Trustco. Plaintiff objected to the questions, and refused to answer pending a ruling from Judge Hurd on a protective order.[4]

After extensive briefing and oral argument, Judge Hurd found that good cause existed to grant the protective order. *See Hasbrouck v. BankAmerica Housing Services*, 187 F.R.D. 453, 458 (N.D.N.Y.1999). Judge Hurd then balanced the equities to determine the level and extent of protection needed. *See id.* Finally, having balanced the equities and found them in plaintiff's and Trustco's favor, Judge Hurd determined the confidential agreement must be given the full protection allowable; as such, he granted a full protective order as to the discovery sought. *See id.* at 462.

Defendants seek review of this protective order. BA argues that the order must be set aside because it failed to (1) recognize that broad and liberal discovery mandates should be given more weight than confidentiality agreements; (2) grasp the significance of two recent Supreme Court cases and the affirmative defense they establish; and (3) give weight to the prejudice visited on BA by preventing the discovery sought. BA alternatively argues that if the order is upheld, it must be clarified, as it is ambiguous. Tullgren argues that Judge Hurd (1) failed to properly credit the relevance of the information sought over the interests of confidentiality; (2) improperly created a dichotomy between private settlement agreements which contain no judicial disclosure exception and those that do; and (3) failed to grant a more narrowly tailored remedy which would allow the parties to have some access to the information while still preserving confidentiality.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 71(a), this court may set aside or modify a portion of a magistrate judge's non-dispositive pretrial order when it has been "shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "Pretrial matters involving discovery are generally considered non-dispositive[.]" *Doe v. Marsh*, 899 F.Supp. 933, 934 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990)).

■ Regarding factual issues, it is clear that the district court may only reject the magistrate judge's findings if the "court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). The views diverge, however, on what standard courts should use to review the legal decisions of a magistrate judge. Defendants herein argue the court should utilize "plenary, *de novo* review." BA's Mem. of Law at 3 (citing *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir.1992)); Tullgren's Mem. of Law at 2 (same).

■ Though the Second Circuit has never directly made a pronouncement on this issue, the court declines to give plenary, *de novo* review to Judge Hurd's order. Rather, as this court has stated in the past, "with respect to discovery disputes, the magistrate judge is afforded broad discretion which a court should not overrule unless this discretion is clearly abused." *Evans v. Visual Technology Inc.*, 1994 WL 28002, at *2 (N.D.N.Y.1994) (McCurn, J.). Other courts within this district review discovery rulings under the same standard. *See DePalma v. Nike, Inc.*, 1998 WL 690880, at *5 (N.D.N.Y. 1998) (Pooler, Circuit J., sitting by designa-

---

4. The questions propounded and plaintiff's objections are set forth in BA's Mem. of Law App. 1

Ex. I.

tion); *Doe,* 899 F.Supp. at 934 (McAvoy, C.J.); *Matthews v. USAir, Inc.,* 882 F.Supp. 274, 275 (N.D.N.Y.1995) (Scullin, J.); *accord Gavenda v. Orleans County,* 1998 WL 214819, at *2 (W.D.N.Y.1998); *Burton v. R.J. Reynolds Tobacco Co.,* 177 F.R.D. 491, 494 n. 3 (D.Kan.1997) ("because the court must employ a deferential standard of review, its review is not 'plenary', [sic] as [defendant] insists"); *Commodity Futures Trading Comm'n v. Standard Forex, Inc.,* 882 F.Supp. 40, 42 (E.D.N.Y.1995); *Champion Int'l Corp. v. Liberty Mut. Ins. Co.,* 128 F.R.D. 608, 610 (S.D.N.Y.1989).

Although BA and Tullgren state that the challenged order is "clearly erroneous or contrary to law" several times in their papers, neither party argues that the order was an abuse of discretion. Rather, both parties, using the "plenary review" standard of *Haines,* ask this court to substitute its judgment for that of Judge Hurd. This, the court will not do.

■ Despite the deferential standard of review pertaining to discovery disputes, this court has thoroughly reviewed the arguments made to the court, and the arguments made to Judge Hurd, including the transcript of oral arguments. The court is unable to conclude, even under a less deferential standard of review, that the order was clearly erroneous or contrary to law.

The court also declines to clarify the order due to its purported ambiguity. In distilled form, the order states that discovery into the facts and circumstances surrounding the settlement between plaintiff and Trustco may not be had. This includes the related deposition questions presented to Judge Hurd for a ruling, and the withheld portions of the settlement agreement.

As mentioned in the recent amendment to the Uniform Pretrial Scheduling Order, the discovery cut-off in this case is now March 1, 2000. Magistrate Judge Sharpe will supervise the remaining discovery, if any, and other pre-trial matters such that this suit will be prepared for trial.

## CONCLUSION

The August 4, 1999 Order of Magistrate Judge Hurd is AFFIRMED.

IT IS SO ORDERED.