**Donna Jeanne MOSS, Plaintiff,**

v.

**ENLARGED CITY SCHOOL DISTRICT OF THE CITY OF AMSTERDAM, et al., Defendants.**

**No. 95–CV–1356(LEK/RWS).**

United States District Court, N.D. New York.

July 3, 2001.

---

Danny L. Mevec, O'Hara, O'Connell Law Firm, Syracuse, NY, for Donna Jeanne Moss.

Donna Jeanne Moss, Kingston, NY, plaintiff pro se.

Claudia A. Ryan, Mario D. Cometti, Ryan, Smallacombe Law Firm, Albany, NY, for Enlarged City School District of the City of Amsterdam, Board of Education of the Greater Amsterdam School

**670**

District, Claire Ludwin, Michael Decker, Daniel De Rossi, Charles Ferris, Mark A. Miller, Frank Persico, Emanuel Rosen, Ronald Limoncelli.

Derek L. Hayden, Horigan, Horigan Law Firm, Amsterdam, NY, for Arthur Cotugno.

### MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

Presently before the Court are Plaintiff's objections to, and appeals of, decisions and orders of United States Magistrate Judge Ralph W. Smith dated December 20, 2000 (Docket No. 329), April 3, 2001 (Docket No. 339), April 19, 2001 (Docket No. 364), and April 24, 2001 (Docket No. 367), Plaintiff's motion for summary judgment (Docket No. 343) and a cross-motion for sanctions by the defendants from the Greater Amsterdam School District (Docket No. 383). The Court will address these matters *seriatim.*

### I. Analysis

#### A. Discovery Orders

■ The standard to be used by a district court in reviewing a magistrate judge's determination of a non-dispositive issue is the "clearly erroneous or contrary to law" standard, while dispositive matters are reviewed "de novo." *See* Fed.R.Civ.P. 72; 28 U.S.C. § 636(b)(1)(A); *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990); *Tompkins v. R.J. Reynolds Tobacco Co.,* 92 F.Supp.2d 70, 74 (N.D.N.Y.2000); *Hasbrouck v. BankAmerica Hous. Servs., Inc.,* 190 F.R.D. 42, 44 (N.D.N.Y.1999).

■ Pretrial discovery matters are generally considered non-dispositive and are therefore subject to the clearly erroneous or contrary to law standard. *See Thomas E. Hoar,* 900 F.2d at 525; *Hasbrouck,* 190 F.R.D. at 44 (citing *Doe v. Marsh,* 899

F.Supp. 933, 934 (N.D.N.Y.1995)). Moreover, magistrate judges are given broad discretion with respect to pre-trial discovery issues and "reversal is warranted only when that discretion is abused." *Tompkins,* 92 F.Supp.2d at 74 (citing *Abrams v. General Elec. Co.,* No. 95–CV–1734, 1997 WL 458446, at *1 (N.D.N.Y. Aug. 4, 1997)).

■ "A magistrate judge's finding is clearly erroneous when it is against the clear weight of the evidence or when the court has 'the definite and firm conviction that a mistake has been committed.'" *White Mop Wringer Co. of Canada Ltd. v. BT Capital Partners, Inc.,* No. 95–CV–565, 1997 WL 222380, at *2 (N.D.N.Y. April 29, 1997) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *see also Tompkins,* 92 F.Supp.2d at 74. Moreover, that "reasonable minds may differ on the wisdom of granting [a party's] motion" does not mean that the decision is clearly erroneous or contrary to law. *Pemrick v. Stracher,* No. 90–CV–849, 1992 WL 697636, at *1 (N.D.N.Y. March 27, 1992).

##### 1. *December 20, 2000 Order*

■ Pursuant to a previous order issued by Judge Smith, Plaintiff is precluded from serving any further interrogatories or document demands upon Defendants. After being denied, on several occasions, permission to file additional discovery requests, Plaintiff sought leave of the Court to serve defendant Cotugno with in excess of 500 requests for admission. The decision whether to allow such discovery under these circumstances is well within Magistrate Judge Smith's broad discretion. Judge Smith's decision to deny Plaintiff's request based on his determination that the requests for admission were thinly veiled interrogatories designed to avoid the effect of his previous orders was not an abuse of that discretion.

### 2. *April 3, 2001 Decision*

During the April 3, 2001 deposition of Dr. Nellie Bush, a non-party witness, United States Magistrate Judge David R. Homer was called upon by the parties to decide whether Plaintiff should have been precluded from seeking information or testimony concerning certain events that occurred after the termination of her employment. Again, the decision whether to allow these questions is well within the broad discretion of the magistrate judge. Upon a review of the record, the Court finds that Judge Homer did not abuse that discretion in these circumstances in determining that the information sought by Plaintiff was not relevant.

### 3. *April 19, 2001 Order*

By an order of April 5, 2000, Magistrate Judge Smith ordered defendant Cotugno to respond to outstanding interrogatories no later than May 12, 2000. Mr. Cotugno's former attorneys served the ordered responses in a timely manner on May 10, 2000. However, Plaintiff maintained that the answers were incomplete and evasive and, on July 31, 2000, demanded a supplemental response from defendant Cotugno's present counsel, who took over the case in July 2000. Following additional correspondence between the parties, a supplemental response to the interrogatories was served on November 15, 2000.

On October 27, 2000, prior to the filing of the supplemental response, Plaintiff made a motion to strike defendant Cotugno's answer to the amended complaint and enter a default judgment against him as sanctions for his alleged violation of Judge Smith's discovery order. By an order dated April 19, 2001, Magistrate Judge Smith denied that motion.

█ Again, Magistrate Judge Smith's determination as to whether or not to impose discovery sanctions under these circumstances was well within his broad discretion. Upon a review of the record, it is the Court's determination that his decision was not an abuse of that discretion.

## B. April 24, 2001 Order

On April 20, 2001, Plaintiff filed a motion for summary judgment. At an April 24, 2001 Status Conference with the Magistrate Judge, Defendants requested that the summary judgment motion be continued in order to depose Plaintiff and her witnesses before responding. The Magistrate Judge granted their request and issued an order extending Defendants' response time to July 31, 2001 and Plaintiff's reply time to August 31, 2001. In an order dated May 11, 2001, this Court held that Defendants' request was actually an opposition to summary judgment under Rule 56(f) and ordered Defendants to submit papers in compliance with that rule. Those papers are now before the Court along with Plaintiff's reply.

Rule 56(f) states:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f). The Second Circuit has held that a court may grant a continuance for further discovery only when the requirements of Rule 56(f) have been met. *See Ruotolo v. Department of Justice, Tax Div.,* 53 F.3d 4, 11 (2d Cir.1995). A party opposing summary judgment pursuant to Rule 56(f) is required to "file an affidavit explaining '(1) the information sought and how it is to be obtained; (2) how a genuine issue of material fact will be raised by that information; (3) what efforts the affiant

has made to obtain the information; and (4) why these efforts were unsuccessful.'" *Id.* (quoting *Sage Realty Corp. v. Insurance Co. of N. Am.*, 34 F.3d 124, 128 (2d Cir.1994)).

■ In this case, Defendants have submitted detailed affidavits describing the information that they intend to obtain from the various depositions and how it will raise a genuine issue of fact. Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981, 1983, and 1985 for discrimination against her on the basis of her gender and the fact that she is married to an African–American as well as acts of retaliation against her resulting from her raising issues concerning the treatment of minority co-workers. Defendants' affidavits make it clear that they must have an opportunity to depose Plaintiff and her witnesses before they will be able to oppose Plaintiff's motion for summary judgment.

■ Moreover, Defendants' affidavits describe their diligent attempts to depose Plaintiff which have been stalled in one way or another by Plaintiff, as evidenced by the voluminous correspondence in the record. It is the Court's conclusion that Defendants cannot be held responsible for the delays in the discovery process in this case. Accordingly, Defendants have satisfied Rule 56(f) and Plaintiff's motion for summary judgment is denied without prejudice to refile once Defendants have had an opportunity to complete additional discovery.[1] Moreover, Judge Smith's Order requiring the deposition of Plaintiff will stand and the deposition will proceed as scheduled.[2]

## II. CONCLUSION

Accordingly, it is hereby

ORDERED that Plaintiff's objection/appeal of Magistrate Judge Smith's December 20, 2000 order is DENIED;

ORDERED that Plaintiff's appeal of Magistrate Judge Homer's oral decision of April 3, 2001 is DENIED;

ORDERED that Plaintiff's objection/appeal of Magistrate Judge Smith's April 24, 2001 order is DENIED;

ORDERED that Plaintiff's objection/appeal of Magistrate Judge Smith's April 19, 2001 order is DENIED;

ORDERED that Plaintiff's motion for summary judgment is DENIED without prejudice to refile;

ORDERED that the cross-motion for sanctions by the defendants from the Greater Amsterdam School District is DENIED;

1. Defendants also separately request attorneys' fees for the time spent by their attorneys on this appeal by Plaintiff. However, as the Court's prior decision makes clear, Defendants were required to prepare these affidavits before seeking Rule 56(f) relief. Accordingly, their requests for attorneys' fees are denied.

Also before the Court is a cross-motion by defendants from the Greater Amsterdam School District for an order dismissing plaintiff's complaint "for dilatory and contumacious discovery practice" pursuant to Rule 37 of the Federal Rules of Civil Procedure. The imposition of Rule 37 sanctions is within the discretion of the district court. *See Valentine v. Museum of Modern Art,* 29 F.3d 47, 49 (2d

Cir.1994); *Bobal v. Rensselaer Polytechnic Inst.,* 916 F.2d 759, 764 (2d Cir.1990). However, a case brought by a pro se plaintiff may only be dismissed for failure to comply with discovery orders after a warning has been given that noncompliance can result in dismissal. *See Valentine,* 29 F.3d at 50; *Bobal,* 916 F.2d at 766. Those circumstances, which are necessary to justify the harsh sanction of dismissal, are not present in this case. Accordingly, the cross-motion is denied.

2. Also pending before the Court is a letter request from Plaintiff seeking another postponement of the date of her deposition. That request is denied. Plaintiff's deposition will proceed as scheduled.

ORDERED that Plaintiff's request for an adjournment of her deposition is DENIED;

ORDERED that Defendants' separate requests for attorneys' fees are DENIED; and it is further

FURTHER ORDERED that the Clerk of the Court serve a copy of this Order on all parties by regular mail.

IT IS SO ORDERED.