**SEALED PLAINTIFF # 1, Sealed Plaintiff # 2, and Sealed Plaintiff # 3,**

v.

**SEALED DEFENDANT # 1, Sealed Defendant # 2, and Sealed Defendant # 3, Defendants.**

**No. 5:02–CV–1449.**

United States District Court, N.D. New York.

April 23, 2004.

Elmer R. Keach, III, Albany, NY, Kenneth P. Ray, Utica, NY, for Plaintiffs.

Murphy, Burns, Barber & Murphy, Thomas K. Murphy, of counsel, Albany, NY, for Defendants.

### MEMORANDUM–DECISION and ORDER

HURD, District Judge.

Plaintiffs appeal the Memorandum Decision and Order of Hon. Gustave J. DiBianco, United States Magistrate Judge, filed on February 17, 2004 ("February Order") to the extent that plaintiffs' request for an extension of time to serve an expert disclosure as to proposed expert Henry Branche was denied. Plaintiffs do not appeal that portion of the February Order that granted an extension with regard to witness Cox and denied a request to unseal the case. Defendants have not responded to the appeal.

■ The standard for review of a magistrate judge's decision on non-dispositive matters is whether the magistrate judge's findings are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R.Civ.P. 72(a). Clear error may be found "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Stetz v. Reeher Enters., Inc.*, 70 F.Supp.2d 119, 120–21 (N.D.N.Y.1999)(quoting *Vandewalker v. Quandt's Food Serv. Distribs., Inc.*, 934 F.Supp. 42, 48 (N.D.N.Y.1996)); *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). Magistrate judges are given broad discretion with respect to discovery disputes which should not be overruled absent a showing of clear abuse of discretion. *See Hasbrouck v. BankAmerica Hous. Servs., Inc.*, 190 F.R.D. 42, 44 (N.D.N.Y.1999).

Plaintiffs' basis for the request for an extension of sixty days to make an expert disclosure was that the need for the expert became known only after the deposition of a certain witness which occurred in late October. The extension would allow for receipt of the deposition transcript, review of that transcript by the expert, and preparation of the expert report. In the February Order it was noted that pursuant to the Pretrial Scheduling Order in this matter expert disclosure was to have occurred at the end of November 2003, and that the court had earlier suggested the prompt deposing of this witness. It was further noted that denial of the extension would essentially preclude plaintiffs' expert's testimony, but that preclusion was a remedy well within the authority of the court.

■ The law pertaining to the sanction of preclusion as set forth by the magistrate judge is exactly on point, and therefore is simply reiterated here. The sanction of preclusion is a "drastic remedy." *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01

Civ. 11295, 2003 WL 22471909 (D.Conn. Oct. 31, 2003). Even in the face of missed deadlines, "excluding expert testimony can 'frustrate the Federal Rules' overarching objective of doing substantial justice to litigants.' " *Id.* (quoting *In re Kreta Shipping, S.A.*, 181 F.R.D. 273, 277 (S.D.N.Y.1998)). The following factors must be considered: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Medical & Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d Cir.1997).

█ The Magistrate Judge found that the plaintiffs' explanation for the delay weighed against granting the extension, because plaintiffs could have completed the deposition earlier and therefore was not diligent in efforts to complete discovery. The Magistrate Judge relied upon *Softel, Inc.*, 118 F.3d 955, in support of precluding an expert for failure to diligently complete expert discovery. That situation was very much different than the facts in this case. *See Softel, Inc. v. Dragon Medical & Scientific Communications, Inc.*, No. 87 CIV. 0167, 1990 WL 164859 (S.D.N.Y. Oct. 24, 1990), *aff'd*, 118 F.3d 955 (2d Cir.1997). There, the magistrate judge initially set an expedited discovery schedule. *Id.* Multiple extension requests were made and granted. Two years after the action was filed, and one month before the close of discovery, plaintiff requested an extension so that it could *change* experts. *Id.* It cited a fee dispute with the previously retained expert as the reason the new expert witness was needed. *Id.* The request was denied, and affirmed on appeal.

The *Softel, Inc.* circumstances sharply contrast with the facts in this case. Here, multiple extensions had not been requested and granted. In fact, this was the first extension request in this matter. Further, the request was made barely one year after the action was filed, and the pretrial schedule was not "expedited." Finally, the need for an additional expert arose after the deposition of a witness, not, as was the case in *Softel, Inc.*,

because of a fee dispute with a former expert. Accordingly, it was clearly erroneous to find that plaintiffs' diligence in completing discovery weighed in favor of precluding expert testimony.

The next factor, importance of the expert's testimony, was found to weigh neither for nor against preclusion, because the court did not "wish to speculate upon plaintiffs' theory of this case." It was clearly stated, however, in the discover conference held on December 18, 2003, that the deposed witness testified as to procedures followed in handling evidence and that the proposed expert on law enforcement would testify to the completely improper manner of handling evidence under those procedures. (Keach Aff. Ex. D at 1.) Given that the basis for the causes of action in this matter is that evidence (and the identity of the minor victim) was left in a place where it could be observed by the public, the expert's testimony is of significance to plaintiffs' case. Thus, it was clearly erroneous not to find that the importance of the expert's testimony weighed against preclusion.

With regard to prejudice, the Magistrate Judge found that granting the extension would prejudice the defendants. He determined that defendants may have relied upon the initial disclosure of only one witness, and that a greater delay would be caused because defendants would need time to review the expert report, depose the expert, and possibly retain a rebuttal expert. It was also pointed out that discovery was scheduled to be completed by February 27, 2004. While defendants may have relied upon the initial disclosure of plaintiffs' single expert, a child psychologist, it is not unusual, nor unduly prejudicial, to have the need for an additional expert, on a different subject, arise after deposing a witness. Moreover, the time delay to allow for review of plaintiffs' proposed law enforcement expert should not be significant in light of the fact that the individual defendant is a law enforcement officer and the remaining defendants are law enforcement agencies. Additionally, plaintiffs represented to the court by letter on the day after the conference that the expert disclosure could be completed fourteen days after obtaining leave of court to do so. (Keach Aff.

Ex. E, F.) It is also pointed out that had the 60–day extension been granted on the day of the discovery conference, December 18, 2003, the expert disclosure would have been due *one day* after the decision was entered denying the extension. Thus, relying upon potential delay creating prejudice to defendants to weigh in favor of preclusion was clearly erroneous. At best this factor was neutral.

Finally, the Magistrate Judge evaluated the possibility of a continuance, and found that this factor could favor the plaintiffs. This finding was not clearly erroneous.

Taking into consideration all of the necessary factors, it was clearly erroneous and an abuse of discretion to deny plaintiffs' request for a 60–day extension to disclose an additional expert witness, resulting in the drastic consequence of precluding the testimony of that witness.

Accordingly, it is

ORDERED that

1. That portion of the February 17, 2004, Memorandum Decision and Order denying plaintiffs' request for an extension of time to produce expert disclosure related to Henry Branche is SET ASIDE;

2. Plaintiffs must produce such expert report on or before June 24, 2004; and

3. Defendants may produce a rebuttal expert report on or before August 20, 2004.

IT IS SO ORDERED.