**Brenda BARRY, as Co–Administrator of the Estate of Kim Barry, and Ellen D. Gonda, as Co–Administrator of the Estate of Kim Barry Plaintiffs,**

v.

**ASA BUILDING MAINTENANCE and Maher A. Safa, Defendants.**

**No. 069 CIV. 1189 VMHBP.**

United States District Court, S.D. New York.

Oct. 17, 2006.

Jonathan S. Abady, Ilann M. Maazel, Katherine R. Rosenfeld, Emery Celli Brinckerhoff & Abady, LLP, New York City, for Plaintiffs.

Sandra Laura Bonder, Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox, LLP, New York City, for Defendants.

### DECISION AND ORDER

MARRERO, District Judge.

The defendants ("Defendants") object to the Order of Magistrate Judge Pitman, dated September 22, 2006 (the "Order"), granting plaintiffs' ("Plaintiffs") application to preclude the testimony of Defendants' proffered experts, Fred Goldman, Bruce Gambardella and Jay Colbenz (collectively, "Defendants' Experts"), by reason of Defendants' failure to make the required Rule 26(a)(2) disclosures in accordance with the scheduling deadlines ordered by

this Court pursuant to the May 18, 2006 Civil Case Management Plan and Scheduling Order (the "Case Management Plan").

The Court has reviewed the parties' submissions on this issue and finds that the Defendants did not comply with the Case Management Plan by not providing the Defendants' Experts' reports in a timely manner so as to allow Plaintiffs the opportunity to properly depose Defendants' Experts. To this extent, Magistrate Judge Pitman's Order was not clearly erroneous. However, several considerations militate against the severe sanction of barring Defendants from using their experts at trial: the admittedly rigorous discovery deadline the Court itself imposed on the parties under the Case Management Plan, and So Ordered—a circumstance by which Magistrate Judge Pitman understandably felt bound in formulating his recommendation; the Federal Rules of Civil Procedure's "overarching objective of doing substantial justice to litigants," *see In re Kreta Shipping, S.A.*, 181 F.R.D. 273, 277 (S.D.N.Y. 1998); the significance of Defendants' Experts' testimony to Defendants' case and the extreme prejudice barring the experts' testimony may produce; the remaining opportunity for Plaintiffs to depose Defendants' Experts before trial; and the absence of evidence that Defendants' actions were actually willful. The Court thus will not accept the recommendation of the Order. Accordingly, it is hereby

**ORDERED** that the Court reject the recommendation of the order of Magistrate Judge Pitman dated September 22, 2006 (Docket No. 15) to preclude the use by defendants herein of certain expert reports ("Defendants' Experts") at the trial of this action; and it is further

**ORDERED** that Defendants' Experts be permitted to testify at trial, subject to the Court's rulings on any pertinent Motions In Limine, as long as defendants provide any remaining expert reports to plaintiffs, in hand, by Thursday, October 19, 2006, and that defendants make available Defendants' Experts for deposition prior to trial, at the parties' reasonable mutual convenience.

**SO ORDERED.**